COOLEY LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:      (858) 550-6000
Facsimile:      (858) 550-6420

KYLE C. WONG (224021)
(kwong@cooley.com)
REBECCA L. TARNEJA (293461)
(rtarneja@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
WAL-MART.COM USA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS and SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART.COM USA, LLC; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**DEFENDANT WAL-MART.COM USA, LLC'S NOTICE OF REMOVAL OF ACTION**<br><br>State Court Case No. 23-CIV-03331 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), defendant Wal-Mart.com USA, LLC ("Walmart") hereby removes an action originally filed in the Superior Court of California for the County of San Mateo to the United States District Court for the Northern District of California.  Removal is proper for the reasons set forth herein.

## I.    PROCEDURAL HISTORY.

1.    On or about July 20, 2023, plaintiffs Arisha Byars and Sonya Valenzuela ("Plaintiffs") filed a putative class action complaint in the Superior Court of California for the County of San Mateo, entitled *Arisha Byars et al. v. Wal-Mart.com USA, LLC et al.*, Case No. 23-CIV-03331 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.    On or about July 24, 2023, Walmart was served with the Complaint.  A true and correct copy of the Service of Process is attached hereto as **Exhibit 2**.

3.    Plaintiffs allege that they are individuals residing in California.  Plaintiffs are "'serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA against various businesses that operate websites.'" *Byars v. Sterling Jewelers, Inc*., No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 n.4 (C.D. Cal. Apr. 5, 2023) (quoting *Byars v. Hot Topic, Inc.*, No. EDCV221652JGBKKX, 2023 WL 2026994, at *4 (C.D. Cal. Feb. 14, 2023)).

4.    In the Complaint, Plaintiffs allege that Walmart "wiretaps" the Internet communications of Plaintiffs and the proposed class, in violation of California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, by utilizing a "chat" feature that allegedly "record[s] and allow[s] third parties to eavesdrop on" its website users, without prior user consent.  (Ex. 1, Compl. ¶¶ 3, 42–50.)

5.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Walmart in the state court and not previously referenced are attached as **Exhibit 3**.

6.    Pursuant to 28 U.S.C. § 1446(d), Walmart is filing and serving written notice of the removal of this case with the Clerk of the Superior Court of California for the County of San Mateo.

*See* **Exhibit 4**.  Written notice of the removal of this action is also being sent to Plaintiffs' counsel.  *See* **Exhibit 5**.

7.    Nothing in this Notice of Removal shall constitute a waiver of Walmart's right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

8.    If the Court considers a remand, Walmart requests the Court issue an order to show cause why the case should not be remanded, giving the parties the opportunity to present briefing and argument prior to any remand.  This procedure is appropriate because, pursuant to 28 U.S.C. § 1447(d), a remand order is not subject to appellate review.

## II.    REMOVAL IS TIMELY.

9.    This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b).  Plaintiffs filed their Complaint on July 20, 2023, and served the Complaint on Walmart on July 24, 2023.  (*See* Ex. 1, Compl.)  Walmart filed this Notice of Removal within thirty (30) days of service, as required.  28 U.S.C. § 1446(b); *see, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## III.    SUBJECT MATTER JURISDICTION EXISTS.

10.    This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

11.    A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways.  28 U.S.C. § 1332(d)(2).  The CAFA requirements are satisfied here.

### A.    This Action Meets the "Class Action" Definition Under CAFA.

12.    This action is a "class action."  CAFA provides:

[T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

13.    Plaintiffs filed this action as a putative class action. (*See* Ex. A, Compl. at 1 (titled "Class Action Complaint"); *id.* ¶ 1 (Plaintiffs "bring this Class Action Complaint . . . ."), *id.* ¶¶ 30–41 (section entitled "Class Action Allegations").) Plaintiffs also assert that they seek to represent a class, defined as:

> All persons in California whose communications with Defendant's "chat" feature were tapped, recorded, read, stored, and/or used without their consent by Defendant or Defendant's agent/s within the one year prior to the filing of this action through the date of class certification.

(*Id.* ¶ 30.) The class definition excludes Walmart as well as Walmart's employees or agents. (*Id.* ¶ 31.) Accordingly, the Complaint clearly qualifies as a "class action" under CAFA.

**B.    The Proposed Class Exceeds 100 Members.**

14.    The Complaint's allegations satisfy the first requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(2). Plaintiffs affirmatively assert that putative class members "number in the thousands, if not more." (Ex. 1, Compl. ¶ 31; *see also* Declaration of Steve Sullivan ("Sullivan Decl.) ¶ 3.)

15.    Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claims for relief, if the allegations in the Complaint are accepted as true, there are more than 100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint, Inc*., No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

**C.    The Amount in Controversy Exceeds $5 Million.**

16.    The Complaint's allegations satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

17.     To meet the amount in controversy threshold, a notice of removal must include only "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co*., 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P*., 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

18.     A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, fees and costs, and treble and exemplary damages. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("the amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes"); *see also*, *e.g.*, *Chess v. CF Arcis IX LLC*, No. 20-CV-01625-CRB, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, No. 18-CV-06689-JSC, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'[I]t is well established that punitive damages are part of the amount in controversy in a civil action.'") (quoting *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001)).

19.     Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted). Indeed, "a removing defendant need not meet a preponderance standard where, as here, the amount in controversy can be determined on the face of the pleadings." *Chess*, 2020 WL 4207322, at *4. Rather, "'[t]he sum claimed by the plaintiff controls so long as the claim is made

in good faith.'" *Id.* (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

20.     Given that Plaintiffs allege that the "members of the Class number in the thousands, if not more," calculation of the amount in controversy is straightforward.  (Ex. 1, Compl. ¶ 31; *see also* Sullivan Decl. ¶ 3 (stating that, during the putative class period, "there were *well above* 1,000 unique conversations via the chat function on [Walmart's] Website from California IP addresses (emphasis added)).)

21.     Plaintiffs seek, on behalf of themselves and a putative class, "the greater of statutory damages of $5,000 per violation or three times actual damage per violation."  (Ex. 1, Compl. ¶ 54.) And each of the "thousands [or] more" class members is alleged to have suffered at least one or more violation.  (*See id.* ¶ 30.)  As such, the alleged *minimum* aggregated statutory damages alone ($5,000 or more per class member) exceed the $5 million amount for an alleged class of more than 1,000 individuals.

22.     Plaintiffs additionally seek: (i) "[i]njunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and The Class full restitution of all monies wrongfully acquired by Defendant"; (ii) an injunction prohibiting "Defendant from recording and/or monitoring each and every internet communication taking place on its websites with California residents . . . without their prior consent"; (iii) "exemplary or treble damages"; (iv) "costs of suit"; (v) "prejudgment interest"; and (vi) "such further relief as this Court deems necessary, just, and proper."  (*Id*. ¶¶ 55–60.)  The amount of this requested disgorgement, restitution, exemplary or treble damages, costs, and costs of compliance with Plaintiffs' requested injunction further enlarge the amount in controversy—and is potentially significant for a putative class of "thousands, if not more" members.

23.     Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).

**D.    There Is Minimal Diversity.**

24.    The Complaint's allegations satisfy the third requirement for removal under CAFA—minimal diversity—because Plaintiffs and the putative class are "citizen[s] of a State different from [the] Defendant."  28 U.S.C. § 1332(d)(2)(A).

25.    Plaintiffs and the putative class are California residents.  (Ex. 1, Compl. ¶¶ 6–7, 30.)

26.    Defendant Wal-Mart.com USA, LLC is a limited liability company, which takes on the citizenship of its members for purposes of jurisdiction.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").  All of the members of Walmart ultimately resolve to Walmart Inc., which is a Delaware corporation whose principal place of business is Bentonville, Arkansas.  (Declaration of Geoff Edwards ¶ 2.)  Specifically:

   a.   Wal-Mart.com USA, LLC is a limited liability company, of which Wal-Mart Stores East, LP is the sole member.

   b.   Wal-Mart Stores East, LP is a limited partnership, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner.

   c.   The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

   d.   Wal-Mart Stores East, LLC is a limited liability company whose sole member is Walmart Inc.

   e.   Walmart Inc. is a Delaware corporation whose principal place of business is and at all relevant times was located at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

*Id.*

27.    Thus, for purposes of diversity jurisdiction, Walmart's members are citizens of Delaware and Arkansas because Walmart Inc.—to which all of Walmart's members resolve—is incorporated in Delaware and has its principal place of business in Arkansas.  *Id.*; *see* 28 U.S.C. § 1332(c)(1); *see also, e.g.*, *Johnson*, 437 F.3d at 899 (finding diversity jurisdiction where members of the defendant limited liability company were not citizens of the same state as plaintiff); *Slick v.*

1   *CableCom, LLC*, No. 22-CV-03415-JSC, 2022 WL 4181003, at *2–3 (N.D. Cal. Sept. 12, 2022)

2   (finding CAFA jurisdiction where "LLC [was] wholly owned by a corporation that is headquartered

3   in Delaware and has its principal place of business in Florida" as "[a]n LLC is a citizen of every

4   state of which its owner/members are citizens"); *Navarro v. SmileDirectClub, Inc*., No. 22-CV-

5   00095-WHO, 2022 WL 1124594, at *5–6 & n.1 (N.D. Cal. Apr. 15, 2022) (finding CAFA

6   jurisdiction where defendant LLC "does not have any members who are California citizens," as "a

7   limited liability company takes on the citizenship of each of its members"); *see also, e.g.*, *Mann v.*

8   *Garden of Life, LLC*, No. 18-CV-02134-BLF, 2018 WL 2430902, at *2 (N.D. Cal. May 30, 2018)

9   (finding the citizenship of LLC defendants could be "traced to Canada" where the "chain of

10  ownership," through the layers of LLCs, ultimately resolved with a Canadian corporation whose

11  principal place of business was in Canada).

12       28.     Because Walmart, on the one hand, and Plaintiffs and the putative class, on the other

13  hand, are citizens of different states, the minimal diversity requirement under CAFA is met.

14  **IV.    VENUE IS PROPER.**

15       29.     Removal to this judicial district is proper because this district includes the County

16  of San Mateo, where the action is currently pending.  *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a).

17  Removal to this division is proper because this division includes the County of San Mateo.  *See*

18  N.D. Cal. L.R. 3-2(d).

19  **V.    CONCLUSION.**

20       30.     Based on the foregoing, Walmart removes the civil action filed in the Superior Court

21  of California for the County of San Mateo, to the United States District Court for the Northern

22  District of California.

23       31.     Walmart reserves the right to amend and/or supplement this Notice of Removal.

24

25

26

27

28

1

Dated: August 23, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
MICHELLE C. DOOLIN (179445)
KYLE C. WONG (224021)
REBECCA L. TARNEJA (293461)


By:  /s/ Kyle C. Wong
      Kyle C. Wong

Attorneys for Defendant
WAL-MART.COM USA, LLC

# Exhibit 1

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiffs, and all other similarly situated*

Electronically
**FILED**
by Superior Court of California, County of San Mateo

ON ___7/20/2023___

By ___/s/ Hessen Ladcani___
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN MATEO
## UNLIMITED JURISDICTION

| | |
|---|---|
| ARISHA BYARS and SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART.COM USA, LLC; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.  23-CIV-03331<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **CALIFORNIA PENAL CODE § 631 [CLASS CLAIM]**<br><br>**DEMAND FOR JURY TRIAL** |

1.     ARISHA BYARS and SONYA VALENZUELA ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of WAL-MART.COM USA, LLC ("Defendant"), their related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain equipment in order to record communications with Plaintiffs without the knowledge or consent of Plaintiffs, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves

1

**CLASS ACTION COMPLAINT**

and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.      California Penal Code § 631(a) prohibits persons from, by means of any machine, instrument, or contrivance, or in any other manner, intentionally tapping, or making any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or willfully and without the consent of all parties to the communication, or in any unauthorized manner, reading, or attempting to read, or learning the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within California; or communicating in any way, any information so obtained.

3.      Plaintiffs allege that despite California's prohibition of such "wiretapping," Defendant continues to violate Penal Code § 631(a) by impermissibly recording and allowing third parties to eavesdrop on Plaintiffs and others similarly situated who visit Defendant's website and utilize the "chat" feature, without their knowledge or consent.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant. Defendant WAL-MART.COM USA, LLC conducted business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contacts with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

5.      Venue is proper in the Superior Court of the State of California for the County of San Mateo a substantial part of the events giving rise to Plaintiffs' causes of action occurred within the County of San Mateo, and Defendant maintains its principal offices in the County of San Mateo.

## PARTIES

6.      Plaintiff ARISHA BYARS ("BYARS") is, and at all times mentioned herein was, a natural individual residing in San Bernardino County, California.

2

**CLASS ACTION COMPLAINT**

7.      Plaintiff SONYA VALENZUELA ("VALENZUELA") is, and at all times mentioned herein was, a natural individual residing in Riverside County, California.

8.      Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a California limited liability company. Plaintiffs allege that at all times relevant herein, Defendant conducted business in the State of California and in the County of San Mateo.

9.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.     On or around July 22, 2022, BYARS visited Defendant's website, https://www.walmart.com/, to learn more about Defendant's products.

12.     BYARS asked a few questions using the "chat" feature, after which she was prompted to provide her email address.

13.     After entering her email address, BYARS was referred to Defendant's customer service email address and phone number.

14.     BYARS ended up not purchasing or returning any items.

**CLASS ACTION COMPLAINT**

15.    Defendant's website did not notify BYARS that her communication was being recorded, stored, and/or monitored at any point.

16.    BYARS did not see, nor did she agree to, Defendant's privacy policy.

17.    BYARS subsequently confirmed that Defendants surreptitiously recorded and/or monitored her communication.

18.    On or about July 22, 2022, VALENZUELA visited the same website as BYARS to learn more about Defendant's products.

19.    VALENZUELA asked a few questions using the "chat" feature.

20.    VALENZUELA ended up not purchasing any products.

21.    Defendant's website did not notify VALENZUELA that her communication was being recorded, stored, and/or monitored at any point.

22.    VALENZUELA did not see, nor did she agree to, Defendant's privacy policy.

23.    VALENZUELA subsequently confirmed that Defendant's surreptitiously recorded and/or monitored her communication.

24.    It is Defendant's pattern and practice to record and monitor keystrokes made by California consumers who utilize the "chat" feature on Defendants' websites and permit one or more third parties to read and/or monitor such communications. Defendant does not inform, or warn, the California residents, including Plaintiffs, that the communications may be or will be recorded and/or monitored.  Plaintiffs were unaware that their communications with Defendants in California were recorded.

25.    Plaintiffs did not learn that Defendants recorded and/or monitored their communications until after they had completed using Defendant's website.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

26.    Plaintiffs did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording and/or monitoring the chats between Plaintiffs and members of the California Class and Defendant without their knowledge or consent.

**CLASS ACTION COMPLAINT**

27.    Defendant concealed from Plaintiffs and members of the California Class that they were monitoring and permitting third parties to eavesdrop on such communications.

28.    Defendant concealed the fact that they were recording and storing the aforementioned communications to create the false impression in the minds of Plaintiffs and members of the California Class that they were not being monitored. At the outset of the communications, there was no warning to Plaintiffs that the communications were being stored, recorded, or monitored.  Such warnings are ubiquitous today.

29.    Plaintiffs were justified in not bringing their claims earlier based on Defendant's failure to inform Plaintiffs and other members of The Class that the communications were being recorded.

## CLASS ACTION ALLEGATIONS

30.    Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Class") defined as follows:

> All persons in California whose communications with Defendant's "chat" feature were tapped, recorded, read, stored, and/or used without their consent by Defendant or Defendant's agent/s within the one year prior to the filing of this action through the date of class certification.

31.    Defendant, their employees and/or agents are excluded from the Class.  Plaintiffs do not know the number of members in the Class but believe the members of the Class number in the thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

32.    Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, intentionally tapped, and/or abetted the wiretapping of Plaintiffs' and the Class members' communications without their consent within the one year prior to the filing of the original Complaint in this action.  Plaintiffs and the Class members were damaged thereby.

33.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand definition of the Class to seek

1    recovery on behalf of additional persons as warranted as facts are learned in further investigation
2    and discovery.

3          34.    The joinder of members of the Class is impractical and the disposition of their

4    claims in the class action will provide substantial benefits both to the parties and to the court.  The

5    Class members can be identified through Defendant's records or Defendant's agents' records.

6          35.    There is a well-defined community of interest in the questions of law and fact

7    involved affecting the parties to be represented.  The questions of law and fact relevant to the Class

8    predominate over questions which may affect individual member of the Class, including the

9    following:

10          a.   Whether Defendant has a policy of intentionally tapping or making any
        unauthorized connection to Plaintiffs' and the Class members' communications
11        on Defendant's website and reading or attempting to read or learn the contents
        of such communications;

12          b.   Whether Defendant has a policy of permitting third parties to monitor
        communications on Defendant's website in real time;

13          c.   Whether Defendant informed Plaintiffs and the Class members that their
        communications are being monitored and/or obtains their consent to monitor
        their communications;

14          d.   Whether Defendant's conduct constituted a violation of California Penal Code §
        631(a);

15          e.   Whether Plaintiffs and the Class members were damaged thereby, and the extent
        of damages for such violations; and

16          f.   Whether Defendant should be enjoined from engaging in such conduct in the
        future.

17          36.    As persons whose communications with Defendant were intentionally tapped and

18    monitored without notice or consent, Plaintiffs are asserting claims that are typical of the Class, as

19    every other member of the Class, like Plaintiffs, were exposed to virtually identical conduct and

20    are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal

**CLASS ACTION COMPLAINT**

Code § 631.

37.     Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

38.     Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

39.     Plaintiffs have retained counsel experienced in handling class action claims to further ensure such protection.

40.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

#### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 631

*ON BEHALF OF THE CLASS*

42.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     California Penal Code § 631 prohibits anyone from intentionally, by means of any machine, instrument, or other means, without the consent of all parties to the communication,

**CLASS ACTION COMPLAINT**

reading or attempting to read, learning, using, or attempting to use, any information obtained during the course of the communication.

44.    Section 631(a) applies to communications which take place on the internet.

45.    Section 631(a) thus makes liable anyone who "reads, or attempts to read, or to learn the contents" of any internet communication without the consent of all parties to the communication.

46.    Plaintiffs are informed and believe, and thereupon allege, that Defendant employed and/or caused to be employed certain recording and/or monitoring on their website, as alleged above, thus intentionally causing or aiding and abetting the invasion of Plaintiffs' privacy without their knowledge or consent.

47.    Plaintiffs are informed and believe, and thereupon allege, that Defendant recorded and/or monitored, or permitted third parties to record and/or monitor, each and every chat communication taking place on such websites.

48.    Defendant recorded and/or monitored the communications of Plaintiffs and the members of The Class in violation of California Penal Code § 631(a).

49.    At no time during the communications did Defendant inform Plaintiffs or any other member of The Class that their communications were being recorded and/or monitored and at no time did Plaintiffs or any other member of The Class consent to this activity.

50.    Defendant, knowing that this conduct was unlawful and a violation of Plaintiffs' and the Class members' right to privacy and a violation of California Penal Code § 630, *et seq*., did intrude on Plaintiffs' and the Class members' privacy by knowingly and intentionally engaging in the aforementioned recording activities relative to the internet communications between Plaintiffs and Class members on the one hand, and Defendant on the other hand, as alleged herein above.

51.    Based on the foregoing, Plaintiffs and the Class members are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

**CLASS ACTION COMPLAINT**

52.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

**FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY:**

**VIOLATION OF PENAL CODE § 631**

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and members of the Class the following relief against Defendant:

53.     That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representatives of The Class.

54.     For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class.

55.     Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct.

56.     That the Court preliminarily and permanently enjoin Defendant from recording and/or monitoring each and every internet communication taking place on its websites with California residents, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*

57.     For exemplary or treble damages.

58.     For costs of suit.

59.     For prejudgment interest at the legal rate; and

60.     For such further relief as this Court deems necessary, just, and proper.

///

///

///

**CLASS ACTION COMPLAINT**

1

## **TRIAL BY JURY**

2

     61.    Plaintiffs hereby request a jury trial in this matter.

3

4

5

Dated: July 19, 2023         **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

6

7

               BY:  _____

8

                      TODD M. FRIEDMAN, ESQ.

9

                      ATTORNEYS FOR PLAINTIFFS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

# Exhibit 2

**Wolters Kluwer**

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL |
| | Walmart Inc. |
| | GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200 |
| | BENTONVILLE, AR 72712-3148 |

**RE:**    **Process Served in California**

**FOR:**    Wal-Mart.com USA, LLC  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BYARS ARISHA and SONYA VALENZUELA, individually and on behalf of all others similarly situated vs. WAL-MART.COM USA, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet |
| **COURT/AGENCY:** | San Mateo County - Superior Court, CA |
| | Case # BCV23101399 |
| **NATURE OF ACTION:** | Summons and Complaint - Claim for Invasion of Privacy: Violation of Penal Code 631 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/24/2023 at 12:30 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Todd M. Friedman |
| | Law Offices of Todd M. Friedman, P.C. |
| | 21031 Ventura Blvd, Suite 340 |
| | Woodland Hills, CA 91364 |
| | 323-306-4234 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/25/2023, Expected Purge Date: 07/30/2023 |
| | Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
07/24/2023
CT Log Number 544359015

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Jul 24, 2023
**Server Name:**                             Jim Sands

| Entity Served | WAL-MART.COM USA, LLC |
|---|---|
| Case Number | BCV-23-101399 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



SUM-100

# SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART.COM USA, LLC; and DOES 1 through 10, inclusive, and each of them,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARISHA BYARS and SONYA VALENZUELA, individually and on behalf of all others similarly situated,

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON        7/20/2023
By        /s/ Hessen Ladcani
            Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Southern Branch<br><br>400 County Center<br>Redwood City, CA 94063 | **CASE NUMBER:**<br>*(Número del Caso):*  23-CIV-03331 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R Bacon 21031 Ventura Blvd., Ste. 340 Woodland Hills, CA 91364, 323-306-4234

| DATE:<br>*(Fecha)* 7/20/2023 | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* | /s/ Hessen Ladcani | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **WAL-MART.COM USA, LLC**

under: ☐ CCP 416.10 (corporation)             ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
       ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21031 Ventura Blvd, Suite 340
4  Woodland Hills, CA 91364
   Phone: 323-306-4234
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   mgeorge@toddflaw.com
7  *Attorneys for Plaintiffs, and all other similarly situated*

8

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    7/20/2023
By_____*/s/ Hessen Ladcani*_____
Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                      **FOR THE COUNTY OF SAN MATEO**
10                          **UNLIMITED JURISDICTION**

11  ARISHA BYARS and SONYA          )   Case No.   23-CIV-03331
    VALENZUELA, individually and on behalf )
12  of all others similarly situated,        )   **CLASS ACTION**
                                    )
13  Plaintiffs,                     )   **COMPLAINT FOR VIOLATIONS OF:**
                                    )
14       vs.                        )   **(1)  CALIFORNIA PENAL CODE §**
                                    )        **631 [CLASS CLAIM]**
15  WAL-MART.COM USA, LLC; and DOES 1 )
16  through 10, inclusive, and each of them, )   **DEMAND FOR JURY TRIAL**
                                    )
17  Defendants.                     )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20                                  )
                                    )
21  _____)

22       1.      ARISHA BYARS and SONYA VALENZUELA ("Plaintiffs") bring this Class

23  Action Complaint for damages, injunctive relief, and any other available legal or equitable

24  remedies, resulting from the illegal actions of WAL-MART.COM USA, LLC ("Defendant"), their

25  related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing

26  to be employed certain equipment in order to record communications with Plaintiffs without the

27  knowledge or consent of Plaintiffs, in violation of California Penal Code §§ 630 *et seq.*, thereby

28  invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves

                                        1
                      **CLASS ACTION COMPLAINT**

and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.    California Penal Code § 631(a) prohibits persons from, by means of any machine, instrument, or contrivance, or in any other manner, intentionally tapping, or making any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or willfully and without the consent of all parties to the communication, or in any unauthorized manner, reading, or attempting to read, or learning the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within California; or communicating in any way, any information so obtained.

3.    Plaintiffs allege that despite California's prohibition of such "wiretapping," Defendant continues to violate Penal Code § 631(a) by impermissibly recording and allowing third parties to eavesdrop on Plaintiffs and others similarly situated who visit Defendant's website and utilize the "chat" feature, without their knowledge or consent.

## JURISDICTION AND VENUE

4.    This Court has personal jurisdiction over Defendant. Defendant WAL-MART.COM USA, LLC conducted business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contacts with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

5.    Venue is proper in the Superior Court of the State of California for the County of San Mateo a substantial part of the events giving rise to Plaintiffs' causes of action occurred within the County of San Mateo, and Defendant maintains its principal offices in the County of San Mateo.

## PARTIES

6.    Plaintiff ARISHA BYARS ("BYARS") is, and at all times mentioned herein was, a natural individual residing in San Bernardino County, California.

2

**CLASS ACTION COMPLAINT**

7.    Plaintiff SONYA VALENZUELA ("VALENZUELA") is, and at all times mentioned herein was, a natural individual residing in Riverside County, California.

8.    Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a California limited liability company. Plaintiffs allege that at all times relevant herein, Defendant conducted business in the State of California and in the County of San Mateo.

9.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.    On or around July 22, 2022, BYARS visited Defendant's website, https://www.walmart.com/, to learn more about Defendant's products.

12.    BYARS asked a few questions using the "chat" feature, after which she was prompted to provide her email address.

13.    After entering her email address, BYARS was referred to Defendant's customer service email address and phone number.

14.    BYARS ended up not purchasing or returning any items.

**CLASS ACTION COMPLAINT**

15.     Defendant's website did not notify BYARS that her communication was being recorded, stored, and/or monitored at any point.

16.     BYARS did not see, nor did she agree to, Defendant's privacy policy.

17.     BYARS subsequently confirmed that Defendants surreptitiously recorded and/or monitored her communication.

18.     On or about July 22, 2022, VALENZUELA visited the same website as BYARS to learn more about Defendant's products.

19.     VALENZUELA asked a few questions using the "chat" feature.

20.     VALENZUELA ended up not purchasing any products.

21.     Defendant's website did not notify VALENZUELA that her communication was being recorded, stored, and/or monitored at any point.

22.     VALENZUELA did not see, nor did she agree to, Defendant's privacy policy.

23.     VALENZUELA subsequently confirmed that Defendant's surreptitiously recorded and/or monitored her communication.

24.     It is Defendant's pattern and practice to record and monitor keystrokes made by California consumers who utilize the "chat" feature on Defendants' websites and permit one or more third parties to read and/or monitor such communications. Defendant does not inform, or warn, the California residents, including Plaintiffs, that the communications may be or will be recorded and/or monitored.  Plaintiffs were unaware that their communications with Defendants in California were recorded.

25.     Plaintiffs did not learn that Defendants recorded and/or monitored their communications until after they had completed using Defendant's website.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

26.     Plaintiffs did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording and/or monitoring the chats between Plaintiffs and members of the California Class and Defendant without their knowledge or consent.

27. Defendant concealed from Plaintiffs and members of the California Class that they were monitoring and permitting third parties to eavesdrop on such communications.

28. Defendant concealed the fact that they were recording and storing the aforementioned communications to create the false impression in the minds of Plaintiffs and members of the California Class that they were not being monitored. At the outset of the communications, there was no warning to Plaintiffs that the communications were being stored, recorded, or monitored. Such warnings are ubiquitous today.

29. Plaintiffs were justified in not bringing their claims earlier based on Defendant's failure to inform Plaintiffs and other members of The Class that the communications were being recorded.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Class") defined as follows:

> All persons in California whose communications with Defendant's "chat" feature were tapped, recorded, read, stored, and/or used without their consent by Defendant or Defendant's agent/s within the one year prior to the filing of this action through the date of class certification.

31. Defendant, their employees and/or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class but believe the members of the Class number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

32. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, intentionally tapped, and/or abetted the wiretapping of Plaintiffs' and the Class members' communications without their consent within the one year prior to the filing of the original Complaint in this action. Plaintiffs and the Class members were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand definition of the Class to seek

recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34.    The joinder of members of the Class is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendant's records or Defendant's agents' records.

35.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact relevant to the Class predominate over questions which may affect individual member of the Class, including the following:

a.    Whether Defendant has a policy of intentionally tapping or making any unauthorized connection to Plaintiffs' and the Class members' communications on Defendant's website and reading or attempting to read or learn the contents of such communications;

b.    Whether Defendant has a policy of permitting third parties to monitor communications on Defendant's website in real time;

c.    Whether Defendant informed Plaintiffs and the Class members that their communications are being monitored and/or obtains their consent to monitor their communications;

d.    Whether Defendant's conduct constituted a violation of California Penal Code § 631(a);

e.    Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violations; and

f.    Whether Defendant should be enjoined from engaging in such conduct in the future.

36.    As persons whose communications with Defendant were intentionally tapped and monitored without notice or consent, Plaintiffs are asserting claims that are typical of the Class, as every other member of the Class, like Plaintiffs, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal

6

Code § 631.

37.     Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

38.     Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

39.     Plaintiffs have retained counsel experienced in handling class action claims to further ensure such protection.

40.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

#### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 631

*ON BEHALF OF THE CLASS*

42.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     California Penal Code § 631 prohibits anyone from intentionally, by means of any machine, instrument, or other means, without the consent of all parties to the communication,

reading or attempting to read, learning, using, or attempting to use, any information obtained during the course of the communication.

44. Section 631(a) applies to communications which take place on the internet.

45. Section 631(a) thus makes liable anyone who "reads, or attempts to read, or to learn the contents" of any internet communication without the consent of all parties to the communication.

46. Plaintiffs are informed and believe, and thereupon allege, that Defendant employed and/or caused to be employed certain recording and/or monitoring on their website, as alleged above, thus intentionally causing or aiding and abetting the invasion of Plaintiffs' privacy without their knowledge or consent.

47. Plaintiffs are informed and believe, and thereupon allege, that Defendant recorded and/or monitored, or permitted third parties to record and/or monitor, each and every chat communication taking place on such websites.

48. Defendant recorded and/or monitored the communications of Plaintiffs and the members of The Class in violation of California Penal Code § 631(a).

49. At no time during the communications did Defendant inform Plaintiffs or any other member of The Class that their communications were being recorded and/or monitored and at no time did Plaintiffs or any other member of The Class consent to this activity.

50. Defendant, knowing that this conduct was unlawful and a violation of Plaintiffs' and the Class members' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiffs' and the Class members' privacy by knowingly and intentionally engaging in the aforementioned recording activities relative to the internet communications between Plaintiffs and Class members on the one hand, and Defendant on the other hand, as alleged herein above.

51. Based on the foregoing, Plaintiffs and the Class members are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

52.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

### **FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY:**

### **VIOLATION OF PENAL CODE § 631**

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and members of the Class the following relief against Defendant:

53.     That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representatives of The Class.

54.     For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class.

55.     Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct.

56.     That the Court preliminarily and permanently enjoin Defendant from recording and/or monitoring each and every internet communication taking place on its websites with California residents, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*

57.     For exemplary or treble damages.

58.     For costs of suit.

59.     For prejudgment interest at the legal rate; and

60.     For such further relief as this Court deems necessary, just, and proper.

///

///

///

9

**CLASS ACTION COMPLAINT**

## TRIAL BY JURY

61.    Plaintiffs hereby request a jury trial in this matter.


Dated: July 19, 2023            **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


                                BY:  _____
                                     TODD M. FRIEDMAN, ESQ.
                                     ATTORNEYS FOR PLAINTIFFS

10

**CLASS ACTION COMPLAINT**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Todd M. Friedman, SBN 216752, Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364

TELEPHONE NO.: 323-306-4234   FAX NO. *(Optional):* 866-633-0228
E-MAIL ADDRESS: tfriedman@toddflaw.com
ATTORNEY FOR *(Name):* Arisha Byars and Sonya Valenzuela

**FOR COURT USE ONLY**

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON   **7/20/2023**
By_____/s/ Hessen Ladcani_____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

CASE NAME:
Arisha Byars, et al. v. Wal-Mart.com USA, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **23-CIV-03331**  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 1
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 19, 2023
Todd M. Friedman
_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Exhibit 3**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| # FILED |
| SAN MATEO COUNTY |
| 7/21/2023 |
| **Clerk of the Superior Court** |
| /s/ Hessen Ladcani |
| DEPUTY CLERK |

PETITIONER/PLAINTIFF:  **ARISHA BYARS; SONYA VALENZUELA**

RESPONDENT/DEFENDANT:  **WAL-MART.COM USA, LLC; DOES 1 THROUGH 10, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF A CASE MANAGEMENT AND TRIAL SETTING CONFERENCE, AND COMPLEX FEES DUE**

CASE NUMBER:
**23-CIV-03331**

This case has been filed by Plaintiff(s) as a provisionally complex case and/or a putative class action and/or a PAGA representative action.  Pursuant to Local Rule 3.300(a), this action is automatically deemed a "complex case".  This case is assigned for all purposes to the Honorable:  **Nancy L. Fineman** in **Department 4,** located at **800 North Humboldt Street, San Mateo, CA 94401**.

ASSIGNED DEPARTMENT INFORMATION

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Nancy L. Fineman | 650-261-5104 | Dept4@sanmateocourt.org |

**A Case Management and Trial Setting Conference is set for** 10/24/2023 **at 9:30 AM** in **Department 4** of this Court. In anticipation of the Case Management and Trial Setting Conference, counsel for the parties should be prepared to discuss at the hearing and file and serve written Case Management and Trial Setting Conference statements (**in prose and details, not using the standardized Judicial Council form**) with a courtesy copy emailed to complexcivil@sanmateocourt.org AND to Dept4@sanmateocourt.org **at least five court days prior to the Conference**, as to the following:

a. Status of Pleadings and Appearance of all Named Parties;

b. Status of Discovery, including status of document production, status of depositions, status of completion of merits discovery, and status of expert discovery;

c. Status of Settlement or Mediation;

d. Listing of All Pending Motions and proposed new hearing date;

e. Any anticipated motions and proposed briefing schedule; and

f. Any other matters for which the parties seek Court ruling or scheduling.

**Pursuant to Government Code Section 70616, the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case**.  Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.  Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Rev. Dec. 2020

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  7/21/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:    /s/ Hessen Ladcani
       _____
       Hessen Ladcani, Deputy Clerk

Notice being served on:

TODD M FRIEDMAN
LAW OFFICES OF TODD M. FRIEDMAN
21031 VENTURA BOULEVARD SUITE 340
WOODLAND HILLS, CA  91364

**FILED**
SAN MATEO COUNTY

AUG 1 6 2023

Clerk of the Superior Court
By _Edward Iser_
DEPUTY CLERK

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| **ARISHA BYARS** *et al.*, | Case No.: 23Civ03331 |
| **Plaintiffs,** | |
| **vs.** | **ORDER OF RECUSAL** |
| **WAL-MART.COM USA, LLC,** *et al.*, | Dept:   4 |
| **Defendants.** | Hon. Nancy L. Fineman |

ORDER OF RECUSAL

Pursuant to Code of Civil Procedure Sections 170.1(a)(3),(a)(6) and 170.5, Judge Nancy L. Fineman, Department 4, hereby recuses herself. The matter has been referred to the Presiding Judge for reassignment.

All hearings currently set before Judge Fineman are VACATED and should be reset before the newly assigned judge. All hearings currently set before the Commissioner remain on calendar.

Plaintiff is to promptly serve this Order upon all other parties who have not yet appeared in this action, and promptly file proof of service.

**IT IS SO ORDERED.**

Dated:   August 15, 2023

NANCY L. FINEMAN
Judge of the Superior Court of California

ORDER OF RECUSAL                                                                        1



**SUPERIOR COURT OF SAN MATEO COUNTY**

| 400 County Center | 800 North Humboldt Street |
|---|---|
| Redwood City, CA 94063 | San Mateo, CA 94401 |

(650) 261-5100
www.sanmateocourt.org

# FILED

SAN MATEO COUNTY

8/16/2023

**Clerk of the Superior Court**

/s/ Edward Tsai

DEPUTY CLERK

## CLERK'S CERTIFICATE OF SERVICE BY MAIL

Date:                         8/16/2023

In the Matter of:      ARISHA BYARS vs WAL-MART.COM USA, LLC

Case No.:                23-CIV-03331

Documents:            ORDER OF RECUSAL

I certify that I am a Deputy Clerk of the San Mateo County Superior Court, that I am not a party to this cause, and that the above-listed documents were served upon the persons whose names and addresses are set forth below, on this date in San Mateo County, California, by placing the documents for collection and mailing so as to cause it to be mailed with the United States Postal Service by first class mail in a sealed addressed envelope with postage fully prepaid, following standard court practices. I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 8/16/2023                      Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Edward Tsai

Edward Tsai, Deputy Clerk

Copies Mailed To:

TODD M. FRIEDMAN
LAW OFFICES OF TODD M FRIEDMAN PC
21031 VENTURA BOULEVARD
SUITE 340
WOODLAND HILLS CA 91364

Rev. Jun. 2016

**FILED**
SAN MATEO COUNTY

AUG 1 8 2023

Clerk of the Superior Court
By _____
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN MATEO

| | | |
|---|---|---|
| ARISHA BYARS , | ) | Case No. 23-CIV-03331 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER FOR REASSIGNMENT** |
| | ) | |
| WAL-MART.COM USA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Honorable Nancy Fineman is relieved from her assignment for all purposes as judge in this matter.

2. This case is re-assigned for all purposes to the Honorable Robert Foiles, Department 21, dept21@sanmateocourt.org.

Date: August 17, 2023

_____
Hon. Elizabeth Lee
Superior Court Judge

**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateo.courts.ca.gov

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

8/18/2023

**Clerk of the Superior Court**

/s/  ASHLEE NELSON

DEPUTY CLERK

PLAINTIFF:  **ARISHA BYARS; SONYA VALENZUELA; ARISHA BYARS; SONYA VALENZUELA**

DEFENDANT:  **WAL-MART.COM USA, LLC; DOES 1 THROUGH 10, INCLUSIVE; WAL-MART.COM USA, LLC**

**NOTICE OF REASSIGNMENT FOR ALL PURPOSES (CIVIL)**

CASE NUMBER:
**23-CIV-03331**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Robert D Foiles** in **Department 21**.

A **CASE MANAGEMENT AND TRIAL SETTING CONFERENCE** previously scheduled on **10/24/2023** in **Department 4** has been rescheduled to **10/30/2023** at 9:00 AM in **Department 21.**

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Robert D Foiles | 650-261-5121 | |

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  8/18/2023

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Ashlee Nelson

, Deputy Clerk

Notice being served on:

TODD M FRIEDMAN
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 VENTURA BOULEVARD
SUITE 340
WOODLAND HILLS, CA  91364

Rev. Jan. 2021



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateo.courts.ca.gov

## CLERK'S CERTIFICATE OF SERVICE BY MAIL

Date: 8/18/2023

In the Matter of: ARISHA BYARS vs WAL-MART.COM USA, LLC
Case No.: 23-CIV-03331
Documents: ORDER FOR REASSIGNMENT

    I certify that I am a Deputy Clerk of the San Mateo County Superior Court, that I am not a party to this cause, and that the above-listed documents were served upon the persons whose names and addresses are set forth below, on this date in San Mateo County, California, by placing the documents for collection and mailing so as to cause it to be mailed with the United States Postal Service by first class mail in a sealed addressed envelope with postage fully prepaid, following standard court practices. I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 8/18/2023

                                 Neal I Taniguchi, Court Executive Officer/Clerk

                    By:    /s/ Ashlee Nelson
                        Ashlee Nelson, Deputy Clerk

Copies Mailed To:

    TODD M FRIEDMAN
    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    21031 VENTURA BOULEVARD
    SUITE 340
    WOODLAND HILLS, CA  91364

# Exhibit 4

1   COOLEY LLP
    MICHELLE C. DOOLIN (179445)
2   (mdoolin@cooley.com)
    10265 Science Center Drive
3   San Diego, California 92121-1117
    Telephone:      (858) 550-6000
4   Facsimile:      (858) 550-6420

5   KYLE C. WONG (224021)
    (kwong@cooley.com)
6   REBECCA L. TARNEJA (293461)
    (rtarneja@cooley.com)
7   3 Embarcadero Center, 20th Floor
    San Francisco, California 94111-4004
8   Telephone:      (415) 693-2000
    Facsimile:      (415) 693-2222
9
    Attorneys for Defendant
10  WAL-MART.COM USA, LLC

11                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                           COUNTY OF SAN MATEO

13

14

15  ARISHA BYARS and SONYA              Case No. 23-CIV-03331
    VALENZUELA, individually and on behalf of
16  all others similarly situated,          UNLIMITED JURISDICTION

17                  Plaintiffs,          **NOTICE OF FILING OF NOTICE OF
                                          REMOVAL TO FEDERAL COURT**
18          v.
                                         Dept:       21
19  WAL-MART.COM USA, LLC; and DOES 1    Judge:      Honorable Robert Foiles
    through 10, inclusive, and each of them,   Date Action Filed: July 20, 2023
20
                    Defendants.
21

22

23

24

25

26

27

28

1    **PLEASE TAKE NOTICE** that on August 23, 2023, Defendant Walmart.com USA, LLC

2    filed a Notice of Removal of this action in the United States District Court for the Northern District

3    of California.  Attached hereto as **Exhibit A** is a true and correct copy of the Notice of Removal

4    and exhibits thereto.

5    Pursuant to 28 U.S.C. § 1446(d), this Notice "shall effect the removal and the State court

6    shall proceed no further unless and until the case is remanded."

7

8    Dated: August 23, 2023                                    COOLEY LLP

9

10                                                   By:    /s/ Kyle C. Wong
                                                            Kyle C. Wong

11                                                   Attorney for Defendant
                                                     WALMART.COM USA, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 5**

1  COOLEY LLP
   MICHELLE C. DOOLIN (179445)
2  (mdoolin@cooley.com)
   10265 Science Center Drive
3  San Diego, California 92121-1117
   Telephone:    (858) 550-6000
4  Facsimile:    (858) 550-6420

5  KYLE C. WONG (224021)
   (kwong@cooley.com)
6  REBECCA L. TARNEJA (293461)
   (rtarneja@cooley.com)
7  3 Embarcadero Center, 20th Floor
   San Francisco, California 94111-4004
8  Telephone:    (415) 693-2000
   Facsimile:    (415) 693-2222

9
   Attorneys for Defendant
10 WAL-MART.COM USA, LLC

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                            COUNTY OF SAN MATEO

13

14

15 ARISHA BYARS and SONYA                  Case No. 23-CIV-03331
   VALENZUELA, individually and on behalf of
16 all others similarly situated,           UNLIMITED JURISDICTION

                Plaintiffs,                **NOTICE TO ADVERSE PARTY OF REMOVAL
17                                          TO FEDERAL COURT**

18        v.                               Dept:      21
                                           Judge:     Honorable Robert Foiles
19 WAL-MART.COM USA, LLC; and DOES 1        Date Action Filed: July 20, 2023
   through 10, inclusive, and each of them,
20
                Defendants.
21

22

23

24

25

26

27

28

1     **PLEASE TAKE NOTICE** that Defendant Walmart.com USA, LLC filed a Notice of

2     Removal of this action in the United States District Court for the Northern District of California on

3     August 23, 2022, with the matter being assigned Case No. _____.   Copies of the Notice of

4     Removal of Action, Civil Cover Sheet, Declaration of Steve Sullivan, Declaration of Geoff

5     Edwards, Fed. R. Civ. Proc. Rule 7.1 Disclosure Statement and Civil Local Rule 3-15 Certification

6     of Interested Entities or Persons, and Proof of Service filed and served concurrently with the Notice

7     of Removal are attached as **Exhibit A** to this Notice.

8     Dated: August 23, 2023                    COOLEY LLP

9

10                                              By:  _/s/ Kyle C. Wong_____

11                                                     Kyle C. Wong

12                                              Attorney for Defendant
                                               WALMART.COM USA, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28