COOLEY LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

KYLE C. WONG (224021)
(kwong@cooley.com)
REBECCA L. TARNEJA (2943461)
(rtarneja@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
WAL-MART.COM USA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS and SONYA VALENZUELA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART.COM USA, LLC; and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. 3:23-cv-04315-AGT <br><br> **DEFENDANT WAL-MART.COM USA, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: December 15, 2023 <br> Time: 10:00 AM <br> Dept: Courtroom A (15th Floor) <br> Judge: Hon. Alex G. Tse |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................2

I.     INTRODUCTION..................................................................................2

II.    BACKGROUND....................................................................................3

III.   LEGAL STANDARD ............................................................................4

IV.    ARGUMENT .........................................................................................5

    A.   Plaintiffs' Complaint Fails Under Rule 8(a) ...............................5

    B.   Plaintiffs Consented to the Recording of Their Chats by Walmart ...........6

    C.   Plaintiffs Fail to State a Claim Under Section 631(a)...................7

        1.   Plaintiffs' section 631(a) claim fails as a matter of law because Walmart cannot wiretap or eavesdrop on its own communications. ...............................8

        2.   Plaintiffs cannot state a claim under aiding and abetting theory of liability.....................10

        3.   Plaintiffs fail to state a claim under any of the operative clauses.......16

            a.   Plaintiffs fail to state a claim under the first clause because it does not apply to internet communications. ...........16

            b.   Plaintiffs fail to state a claim under the first clause because any alleged recording employed by Walmart is not a "machine, instrument, or contrivance." ...........17

            c.   Plaintiffs fail to state a claim under the second clause because they fail to allege interception of any "content" while "in transit."...........18

                i.   Plaintiffs have not alleged any "contents." ...................18

                ii.  Plaintiffs have not alleged any interception "in transit." ...........19

            d.   Plaintiffs fail to state a claim under the third clause because their claims under the first two clauses fail. ...........21

V.     CONCLUSION .....................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................4

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of
    Carpenters*,
    459 U.S. 519 (1983) ..........................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................4, 5

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020)........................................................12, 18

*Bruce v. McDonald*,
    No. 3:13CV221-MHT (WO), 2014 WL 931522 (M.D. Ala. Mar.
    10, 2014) ...........................................................................................................19

*Byars v. Casper Sleep*,
    CIVSB2215902 (San Bernadino Super. Ct. July 22, 2022) .................................7

*Byars v. Hot Topic, Inc.*,
    No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994 (C.D. Cal.
    Feb. 14, 2023)......................................................................................................7

*Cody v. Boscov's, Inc.*,
    No. 8:22-CV-01434-SSS-KKx, 2023 WL 2338302 (C.D. Cal. Mar.
    2, 2023)..............................................................................................................10

*Commw. v. Proetto*,
    771 A.2d 823 (Pa. Super. 2001) ..........................................................................6

*Crowley v. CyberSource Corp.*,
    166 F. Supp. 2d 1263 (N.D. Cal. 2001)..............................................................18

*Esparza v. Lenox Corp.*,
    No. C 22-09004 WHA, 2023 WL 2541352 (N.D. Cal. Mar. 16,
    2023)............................................................................................................12, 13

*In re Facebook Internet Tracking Litig.*,
    140 F. Supp. 3d 922 (N.D. Cal. 2015)......................................................5, 17, 19

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ..............................................................................4

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020)..........................................................16, 22

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
    806 F.3d 125 (3d Cir. 2015) ..................................................................................9

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021).........................................................*passim*

*Griggs-Ryan v. Smith*,
    904 F.2d 112 (1st Cir. 1990) .................................................................................7

*Hammerling v. Google LLC*,
    15 F. Supp. 3d 1069 (N.D. Cal. 2022)..................................................................19

*Javier v. Assurance IQ, LLC*,
    20-cv-02860-CRB, 2023 WL 114225 (N.D. Cal. Jan. 5, 2023) ............15, 16, 17

*Javier v. Assurance IQ LLC*,
    No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) ...............................17

*Johnson v. Blue Nile, Inc.*,
    No. 20-cv-08183-LB, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021)...................19

*Kirch v. Embarq Mgmt. Co.*,
    702 F.3d 1245 (10th Cir. 2012) ...........................................................................12

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002)................................................................................20

*Licea v. Am. Eagle Outfitters, Inc.*,
    No. EDCV 22-1702-MWF (JPR), 2023 WL 2469630 (C.D. Cal.
    Mar. 7, 2023) .......................................................................................................10

*Licea v. Cinmar, LLC*,
    No. CV 22-6454-MWF (JEM), 2023 WL 2415592 (C.D. Cal. Mar.
    7, 2023) ................................................................................................................10

*Martin v. Sephora USA, Inc.*,
    No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636 (E.D. Cal. Mar.
    30, 2023), *report and recommendation adopted*, 2023 WL 3061957
    (E.D. Cal. Apr. 24, 2023) ................................................................. 12

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) ........................................ 17, 21

*Membrila v. Receivables Performance Mgmt., LLC*,
    No. 09-cv-2790-IEG (RBB), 2010 WL 1407274 (S.D. Cal. April 6,
    2010) ................................................................................................... 4, 9

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ............................................................. 5

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
    No. CV 12-02943 MMM, 2013 WL 12129559 (C.D. Cal. July 30,
    2013) ..................................................................................................... 20

*NovelPoster v. Javitch Canfield Grp.*,
    140 F. Supp. 3d 938 (N.D. Cal. 2014) ................................................ 20

*Pena v. GameStop, Inc.*,
    No. 22-CV-1635 JLS, 2023 WL 3170047 (S.D. Cal. Apr. 27, 2023) ............... 10

*Potter v. Havlicek*,
    No. 3:06-cv-211, 2008 WL 2556723 (S.D. Ohio June 23, 2008) ..................... 18

*Powell v. Union Pac. R.R. Co.*,
    864 F. Supp. 2d 949 (E.D. Cal. 2012) ............................................. 10, 11, 12, 14

*Quigley v. Yelp, Inc.*,
    No. 17-cv-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ............... 21

*Revitch v. New Moosejaw, LLC*,
    No. 18-cv-06827, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ............... 14, 15

*Rodriguez v. Google LLC*,
    No. 20-cv-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ............. 20, 21

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) .............................................................. 9, 11, 14, 15

*Rosenow v. Facebook, Inc.*,
No. 19-cv-1297-WQH-MDD, 2020 WL 1984062 (S.D. Cal. Apr.
27, 2020) ......................................................................................................... 4, 21

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021) ................................................................ 15

*Shayler v. 1310 PCH, LLC*,
51 F.4th 1015 (9th Cir. 2022) .............................................................................. 2

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) ...................................................................................... 6, 9

*State v. Lott*,
152 N.H. 436 (2005) ............................................................................................ 6

*State v. Townsend*,
147 Wash. 2d 666 (2002) ..................................................................................... 6

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ........................................................................... 12

*Tavernetti v. Super. Ct.*,
22 Cal. 3d 187 (1978) ........................................................................................ 8, 22

*Trigueros v. Adams*,
658 F.3d 983 (9th Cir. 2011) ............................................................................... 7

*Valenzuela v. Keurig Green Mountain, Inc.*,
No. 22-cv-09042-JSC, 2023 WL 3707181 (N.D. Cal. May 24,
2023) ................................................................................................................... 14

*Valenzuela v. Massage Envy Franchising LLC*,
22STCV23456 (L.A. Super. Ct. July 20, 2022) ................................................... 7

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) .......................................................... 20, 21

*Warden v. Kahn*,
99 Cal. App. 3d 805 (1979) ............................................................................... 8, 9

*Williams v. WhatIf Holdings, LLC*,
No. C 22-0378 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22,
2022) ............................................................................................................ *passim*

*Yoon v. Lululemon USA, Inc.*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021)................................................................19

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014)...........................................................................19

**Statutes**

18 U.S.C.
  §§ 2510 *et seq.*......................................................................................*passim*

Cal. Penal Code
  § 630.......................................................................................................8
  § 631...................................................................................................*passim*

**Other Authorities**

*Eavesdropping*, *Black's Law Dictionary* (11th Ed. 2019) ..................................9

Federal Rules of Civil Procedure
  Rule 8..........................................................................2, 3, 4, 5, 13
  Rule 11.......................................................................................12
  Rule 12(b)(6) ....................................................................4, 5, 19

*Webster's Ninth New Collegiate Dictionary* 630 (1985) ....................................20

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15, 2023, at 10:00 am, Defendant Wal-Mart.com USA, LLC ("Walmart") will and hereby does move the Court for an order dismissing with prejudice the complaint of Plaintiffs Arisha Byars and Sonya Valenzuela pursuant to Federal Rules of Civil Procedure 12(b)(6).

This motion is made on the grounds that Plaintiffs' claim for violation of California's Invasion of Privacy Act ("CIPA") under Cal. Penal Code § 631 fails as a matter of law.

This motion is based on this notice and motion, the below memorandum, all pleadings, records, and files in this action, and such evidence and argument as may be presented at or before the hearing on this motion.

**QUESTION PRESENTED:**

Whether Plaintiffs have stated a cause of action under California Penal Code Section 631 where the allegations lack specificity and do not meet the statutory elements.

Dated: October 5, 2023                COOLEY LLP

By: */s/ Kyle C. Wong*
        Kyle C. Wong

Attorneys for Defendant
*Wal-Mart.com USA, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This case is one of over 50 lawsuits brought by a group of plaintiffs' counsel (including the one at bar) throughout California consisting of cookie cutter complaints alleging that various retail websites, like Defendant Wal-Mart.com, USA, LLC ("Walmart"), violated California's wiretapping laws.  Specifically, the suits allege that these websites offer users a chat feature giving users the ability to communicate (or "chat") with the website, and that the websites then wiretap *their own conversations* with these users by recording the chats without user consent in violation of section 631 of the California Invasion of Privacy Act ("CIPA").  But there is nothing nefarious or unexpected when a party to a chat conversation keeps a record of that interaction; recording is, in fact, a necessary requirement of the chat medium itself.  A user in such a conversation knows that her message must be recorded so that it can be sent and read by the recipient.  By labeling these commonplace (and voluntary) consumer interactions as criminal "wiretapping" and "eavesdropping" under CIPA, Plaintiffs' theory of liability would essentially criminalize an otherwise innocuous customer service in pursuit of significant statutory damages.[1]  The Court should reject this extortionate and meritless claim, which fails for the reasons stated below.

As a preliminary matter, Plaintiffs' Complaint contains nothing but conclusory recitations of section 631's elements without sufficient details to give fair notice of their claims and their bases to Walmart, in violation of Federal Rule of Civil Procedure Rule 8(a).  Plaintiffs' Complaint, for instance, does not explain what was allegedly recorded or how or when the recording happened, nor does it allege the device used to access the chat conversations.  It does not even identify the alleged

---

[1] These types of serial litigations have been criticized by the Ninth Circuit for using courts to extort businesses with a "wave of 'get-money-quick' lawsuits." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1017 (9th Cir. 2022).

third-party eavesdropper. The complete dearth of factual allegations here require dismissal on this basis alone.

Even if the Complaint met Rule 8's notice requirements (it does not), Plaintiffs' CIPA claim would still fail as a matter of law for a number of reasons. Plaintiffs implicitly consented to any recording; unlike telephone conversations, written chat messages must be recorded in order to be conveyed to and read by the recipient. Through Plaintiffs' very act of sending a written message to Walmart, they consented to the recording of those messages. Moreover, as a party to the communication, Walmart cannot be held liable, either directly or under an aiding and abetting theory of liability, for recording or creating transcripts of its *own* communications because eavesdropping can only be done by a third party. Lastly, Plaintiffs fail to allege the required elements of a claim under section 631. They do not allege that, among other things, any "contents" of their communications were intercepted before they reached their intended recipient, Walmart.

For these reasons and those that follow, the Court should dismiss the Complaint in its entirety.

## II.    <u>BACKGROUND</u>

Walmart, is a retailer that offers a variety of products for sale through its website, https://www.walmart.com/ ("Website"). Both Plaintiffs claim to have accessed the Website on the same day, July 22, 2022, and to have engaged with a chat feature on the Website that allowed them to "ask[] a few questions." (Complaint ("Compl.") ¶¶ 12, 19.) The Complaint does not provide more detail about Plaintiffs' interactions in the chat feature other than that they did not purchase or return any products on July 22, 2022 and that one of them provided her email address. (Compl. ¶ 12.)

On July 20, 2023, Plaintiffs filed their Complaint alleging that Walmart is "wiretapping" Plaintiffs and its other Website users who opted to use the Website's chat feature, and that Walmart "directly or through their agents, intentionally tapped,

and/or abetted the wiretapping of Plaintiffs' and the Class members' communications without their consent." (Compl. ¶ 32.)  As with their scant allegations of the actual interactions with the Website and its chat feature, Plaintiffs' Complaint lacks a number of key allegations: it does not identify the purported wiretapping or third-party eavesdropper, the content of Plaintiffs' communications collected, how and when those contents were collected by, and sent to, the unidentified third-party, nor the device allegedly used or what the third party allegedly does with the information. (*See generally* Compl.)

## III.    LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to plead a claim with enough specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must thus plead "enough facts to state a claim to relief that is plausible on its face." *Williams v. WhatIf Holdings, LLC*, No. C 22-0378 WHA, 2022 WL 17869275, at *1 (N.D. Cal. Dec. 22, 2022) (citing *Twombly*, 550 U.S. at 570); *see also Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (same, dismissing Electronic Communication Privacy Act ("Wiretap Act") claims for failure to allege interception of chat messages).  "Threadbare recitals" of the elements of a cause of action "do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A court cannot fill in the gaps of a complaint, either, such that "[i]n spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that 'the [plaintiff] can prove facts [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged.'" *Membrila v. Receivables Performance Mgmt., LLC*, No. 09-cv-2790-IEG (RBB), 2010 WL 1407274, at *2

(S.D. Cal. April 6, 2010) (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).  Dismissal is appropriate under Rule 12(b)(6) "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV.    ARGUMENT

### A.    Plaintiffs' Complaint Fails Under Rule 8(a)

Rule 8(a) requires Plaintiffs to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give Walmart fair notice of the claim and its basis; this requires Plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.  To satisfy Rule 8(a) and avoid dismissal, Plaintiffs' factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  *Id.* at 555, 570; *see also Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 830 (N.D. Cal. 2021).

The Complaint's central allegations of wiretapping are at best mere recitations of section 631's elements devoid of any actual details.  For example, Plaintiffs do not identify the alleged third-party eavesdropper.  Nor do they plead facts about the alleged content of the conversation intercepted, or that such content was improperly monitored by a third party before it was received by its intended recipient—Walmart. Nor do they allege how any third party recorded or wiretapped their conversations or how Walmart facilitated such recording.  They also do not explain how any purported interception would involve tapping a telephone or telegraph wire, line, cable, or instrument.  As such, the Complaint fails under Rule 8(a).  *See, e.g.*, *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 929 (N.D. Cal. 2015), *overturned on other grounds*, 956 F.3d 589 (9th Cir. 2020) ("A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.").

**B.     Plaintiffs Consented to the Recording of Their Chats by Walmart**

Plaintiffs also cannot recover under section 631 because they consented to the recording of their alleged chat conversations.  A person who sends written electronic communications (such as chat messages and emails) consents to the recording of those communications by the recipient—as a matter of logic and as a matter of law—because unlike a telephone conversation, the nature of an electronic communication *requires* that the communication be recorded for transmission to, and reception by, the recipient.  *See State v. Lott*, 152 N.H. 436, 441 (2005) ("[l]ike an e-mail message . . . , the recording of the instant message is necessary for the intended recipient of that message to read the message"); *Commw. v. Proetto*, 771 A.2d 823, 829 (Pa. Super. 2001) ("Any reasonably intelligent person, savvy enough to be using the Internet, however, would be aware of the fact that messages are received in a recorded format, by their very nature, and can be downloaded or printed by the party receiving the message.  By the very act of sending a communication over the Internet, the party expressly consents to the recording of the message."); *State v. Townsend*, 147 Wash. 2d 666 (2002) (finding that recording of emails was not unlawful because the sender had consented to the recordings).

Plaintiffs allege they initiated a conversation with Walmart on its Website and used the Website's chat feature.  The chat feature is indisputably a written medium, requiring the parties to a conversation to record and send the messages to each other.  Thus, by initiating a chat conversation with Walmart, Plaintiffs recorded their portion of the conversation, sent it to Walmart, and received Walmart's portion of the conversation in return.  In other words, Plaintiffs consented to Walmart recording their conversation by voluntarily participating in this medium; this incontrovertible fact is thus fatal to their CIPA claims.  *Smith v. LoanMe, Inc.* ("*LoanMe*"), 11 Cal. 5th 183, 194 n.4 (2021) (noting that some electronic communication media necessitate consent to record by both parties).

In fact, as mentioned in the background, both Plaintiffs had reason to know their conversations may be recorded on the Website. *Supra.* Plaintiff Byars has described herself in prior litigation as a "tester" with "dual motivations" for entering conversations with Defendants, working to ensure companies "abide by privacy laws." *Byars v. Hot Topic, Inc.*, No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994, at \*2 (C.D. Cal. Feb. 14, 2023) ("*Byars I*"). Plaintiff Valenzuela, similarly, has filed numerous similar claims against websites with chat features. Altogether Plaintiffs Byars and Valenzuela combined have filed over 70 CIPA lawsuits since July 2022, at least 30 of which challenge chatbot features on websites; through filing these cases, they were undoubtedly aware that their chat features they were using might be subject to monitoring.[2] Indeed, both Plaintiffs claim they used the chat feature on Walmart's Website *on the same exact day*: July 20, 2022. And on that same day Plaintiff Valenzuela asserted a claim for wiretapping against a website for chats that occurred prior to July 20, 2022. *See Valenzuela v. Massage Envy Franchising LLC*, 22STCV23456 (L.A. Super. Ct. July 20, 2022). Just two days later Plaintiff Byars submitted her own wiretapping class action complaint for chats that occurred prior to July 22, 2022. *See Byars v. Casper Sleep*, CIVSB2215902 (San Bernadino Super. Ct. July 22, 2022). Plaintiffs were thus indisputably aware that their chats may be recorded. And because notice of potential recording by a third party is sufficient to demonstrate consent, by engaging in Walmart's chat function, Plaintiffs consented to recording the conversation. *Griggs-Ryan v. Smith*, 904 F.2d 112, 117 (1st Cir. 1990) (noting that in a wiretapping context, implied consent can be found from surrounding circumstances indicating the party "knowingly agreed to the surveillance").

## C.    Plaintiffs Fail to State a Claim Under Section 631(a)

As laid out by the California Supreme Court, section 631(a) contains three operative clauses covering "three distinct and mutually independent patterns of

---

[2] *See* App. A. Federal courts may take judicial notice of orders and proceedings in other courts. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

conduct": (1) "intentional wiretapping"; (2) "willfully attempting to learn the contents or meanings of a communication in transit over a wire"; and (3) "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978).  The fourth clause of section 631(a) allows for an additional basis for liability for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the" conduct outlined in the three preceding clauses.  Cal. Penal Code § 631(a).  While Plaintiffs do not clearly indicate on which clause their claim is based, their vague allegations are insufficient to meet the elements under any of section 631's clauses.[3]   For reasons discussed below, Plaintiffs fail to state a claim under section 631(a).

### 1.  Plaintiffs' section 631(a) claim fails as a matter of law because Walmart cannot wiretap or eavesdrop on its own communications.

Plaintiffs' claims that Walmart directly "wiretapped" and "eavesdropped" on its own conversations with Website users who used the chat feature fail as a matter of law because a party to a conversation cannot violate section 631 by recording that conversation.   *See, e.g.*, *Byars I*, 2023 WL 2026994, at *8 ("[p]arties to a conversation cannot eavesdrop on their own conversation") (quoting *Williams*, 2022 WL 17869275, at *2); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (confirming that section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation").  This is because CIPA aims to protect the people's right of privacy from "new devices and techniques for the purpose of *eavesdropping* upon private communications."  Cal. Penal Code § 630 (emphasis added).  "Eavesdropping" is "[t]he act of secretly listening to the private

---

[3] Plaintiffs, for instance, do not make any allegations regarding Walmart attempting to "use" or "communicate" the allegedly intercepted information.  And when they claim "that Defendant employed and/or caused to be employed certain recording and/or monitoring on their website, as alleged above, thus intentionally causing or aiding and abetting the invasion of Plaintiffs' privacy without their knowledge or consent," they seem to conflate two of the clauses into one.  (Compl. ¶ 46.)

conversation *of others* without their consent." *Eavesdropping*, *Black's Law Dictionary* (11th Ed. 2019) (emphasis added).

Given this legislative purpose and the statute's text, courts have made clear that under section 631 "only a third party can listen secretly to a private conversation," and that the statute does not cover "the recording of a conversation made by a participant," no matter the means. *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898-99 (1975); *see also Membrila*, 2010 WL 1407274, at *2 (finding that a party to a conversation could not have eavesdropped on its own communications because only a third party listening secretly to a private conversation can do so); *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 152 (3d Cir. 2015) (affirming the dismissal of section 631 claims where "the pleadings demonstrate that Google was itself a party to all the electronic transmissions that are the bases of the plaintiffs' wiretapping claims [] [b]ecause § 631 is aimed only at 'eavesdropping, or the secret monitoring of conversations by third parties'"); *cf. LoanMe*, 11 Cal. 5th at 194 n.4 ("The circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient—recordation would be expected with a facsimile or text transmission, for example.").

Here, Plaintiffs' section 631 claim is premised on Walmart's alleged recording of conversations to which it was a party; but Walmart is not eavesdropping if it chooses to record its own conversations. *Graham*, 533 F. Supp. 3d at 831 (holding that "a party to a communication can record it (and is not eavesdropping when it does)"); *see also Warden*, 99 Cal. App. 3d at 811 (same). For example, in *Graham*, the plaintiff alleged a section 631(a) violation against Noom, a web application operator, for creating a recording of its users' interactions with its website (such as their keystrokes, mouse clicks, and page scrolling) through a session replay software. *Graham*, 533 F. Supp. 3d at 827. There was no dispute between the parties that Noom and its users were the only parties to the communications. *Id*. at 831. In

analyzing liability under section 631(a), the court noted that Noom would not be liable for recording its own communications. *Id.* Thus, the court's analysis focused on whether Noom was liable for aiding and abetting eavesdropping by allowing its session replay vendor to capture data and host it on its servers. Like in *Graham*, Plaintiffs do not properly allege Walmart and its Website visitors were not the only parties to the alleged chat conversations. (*See* Compl. ¶¶ 46, 47.) This concept has been upheld in a series of courts which have found that websites cannot wiretap or eavesdrop on its own communications.[4] As a matter of law, Walmart cannot be held liable for allegedly recording those conversations (or creating transcripts of those conversations thereafter).

### 2. Plaintiffs cannot state a claim under aiding and abetting theory of liability.

Plaintiffs likewise fare no better on their aiding and abetting theory of liability (under the fourth clause of section 631). Plaintiffs claim Walmart also violated section 631(a) by "aiding and abetting the invasion of Plaintiffs' privacy without their knowledge or consent" and "permitted third parties to record and/or monitor, each and every chat communication taking place on such websites." (Compl. ¶¶ 46, 47.) Not so. Walmart cannot have aided and abetted a third party for the same reasons it cannot have eavesdropped on its own chat communications. Section 631 only imposes liability on *third parties* that either wiretap or aid and abet wiretapping, not on first parties who necessarily have access to the underlying communications—including under an aiding and abetting theory of liability. *See Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 955-56 (E.D. Cal. 2012) (dismissing, on summary

---

[4] *See, e.g.,Licea v. Cinmar, LLC*, No. CV 22-6454-MWF (JEM), 2023 WL 2415592, at *7-9 (C.D. Cal. Mar. 7, 2023); *Licea v. Am. Eagle Outfitters, Inc.*, No. EDCV 22-1702-MWF (JPR), 2023 WL 2469630, at *6-8 (C.D. Cal. Mar. 7, 2023);*Cody v. Boscov's, Inc.*, No. 8:22-CV-01434-SSS-KKx, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023); *Byars I*, 2023 WL 2026994, at *7-10; *Pena v. GameStop, Inc.*, No. 22-CV-1635 JLS, 2023 WL 3170047, at *3-5 (S.D. Cal. Apr. 27, 2023) (all dismissing CIPA claim under direct-party exception).

judgment, section 631 aiding and abetting claims against a first party "[g]iven the settled nature of the third-party focus of section 631").

*Powell* is one of the only reported cases to directly address whether a party to a communication can be liable for aiding and abetting a third party's act of wiretapping of the first party's own communication.  In that case, the plaintiff alleged that a union officer eavesdropped on plaintiff's phone call with his former union supervisor in violation of section 631.  *Id.* at 953.  Plaintiff asserted aiding and abetting claims against his former supervisor, who was a party to the communication and permitted the alleged eavesdropping.  *Id.* at 954.  The plaintiff in *Powell* "contend[ed] that the language of section 631 is clear and a participant should be liable for aiding or conspiring with a third party to enable that party to listen in on the call." *Id.*  The defendant argued that "section 631(a) applies to third party actions and therefore, as a party to the call, he cannot be liable as a matter of law." *Id.* Carefully surveying longstanding precedent, the court agreed with defendant, stating:

> Section 631 was aimed at one aspect of the privacy problem— eavesdropping, or the secret monitoring of conversations by third parties. . . .  The third party focus of section 631 is confirmed by *Rogers v. Ulrich*, 52 Cal. App. 3d 894 (1975), where the court held that only a third party could violate the section 631 proscription on eavesdropping. . . .  Given the settled nature of the third-party focus of section 631, the court declines to adopt plaintiff's alternate reading.

*Id.* at 955-56 (cleaned up).

*Rogers* also unequivocally affirms that section 631 only prohibits eavesdropping by *third parties.  See Rogers*, 52 Cal. 3d at 897-99.  In *Rogers*, the defendant recorded his conversation with plaintiff using "a tape recorder jack [that] had been recently installed on [his] telephone by the telephone company." *Id.* at 897.  The plaintiff there did not assert the defendant aided and abetted wiretapping by the telephone company because the telephone company provided tools to record the conversation.  Like here, this would be absurd.

This interpretation of CIPA mirrors the federal Wiretap Act, which expressly exempts parties to the communication from liability under either a theory of direct or

aider and abettor liability.  18 U.S.C. § 2511(2)(c), (d); *see Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act.") (citation omitted).  The federal Wiretap Act also does not allow for *any* aiding and abetting liability, and thus any attempt to impute a broad construction of aiding and abetting liability under CIPA is fundamentally inconsistent with an identical analysis under both statutes.  *Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1247 (10th Cir. 2012) (stating that "[a]ny temptation to read the statute as imposing aider-and-abettor liability is overcome by the illuminating statutory history of the civil-liability provision[,]" and concluding that "almost all courts to address the issue have held that [the Wiretap Act] does not impose civil liability on aiders or abettors").  Consistent with *Powell* and the federal Wiretap Act, section 631 should not be drastically expanded to impose liability on parties to the communication.[5]  Courts have recently overwhelmingly held that the party exception precludes chat-based CIPA claims against website operators.  *See Martin v. Sephora USA, Inc.*, No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636, at *7-10 (E.D. Cal. Mar. 30, 2023) ("to the extent Plaintiff alleges defendant recorded its own communications with [Plaintiff], Plaintiff fails to state a claim against [Defendant] . . . as a matter of law"), *report and recommendation adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023); *Esparza v. Lenox Corp.*, No. C 22-09004 WHA, 2023 WL 2541352, at *2-3 (N.D. Cal. Mar. 16, 2023) ("Because defendant is party to the communication in question, *defendant's* own recordation of the chat conversations cannot give rise to liability.").

---

[5] Plaintiffs' section 631 claim cannot be saved by amendment because they cannot allege, in good faith and in compliance with the obligations under Rule 11, that Walmart was not a party to the communication.  And as explained above, there can be no direct or aiding and abetting liability against a party to the communication.  As such, this Court should dismiss Plaintiffs' claim with prejudice.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal.") (internal citation omitted).

Even if Plaintiffs could circumvent the party exception to bring an aiding and abetting claim, their section 631(a) claim would still fail. As an initial matter, Walmart cannot be accused of aiding and abetting conduct when the Complaint does not allege the involvement of any specific third party. *See generally* Compl. Aiding and abetting does not apply to a situation in which there are only two parties involved in the alleged interception—Walmart and Plaintiffs. Although Plaintiffs conclusorily allege that Walmart "permitted third parties to record and/or monitor, each and every chat," they allege no actual *facts* as to how Walmart permitted or helped an unidentified third party to monitor any chat. (*See* Compl. ¶¶ 46, 47, 48.) This is insufficient. *Williams*, 2022 WL 17869275, at *1 (noting specific facts must be alleged for a claim to be plausible on its face). Indeed, courts have held that when a plaintiff pled no facts showing that the defendant facilitated eavesdropping on behalf of a specific third party, there was no claim. *Esparza v. Lenox Corp.*, No. C 22-09004 WHA, 2023 WL 2541352, at *2-3 (N.D. Cal. Mar. 16, 2023) (dismissing CIPA claim where the "complaint asserts no facts beyond the statement that some unknown third party not involved in [the] action 'eavesdrops' somehow 'in real time').

Moreover, Plaintiffs do not allege whether a third party is using any content at all nor do they allege whether a third party is recording the chat conversations, storing them, or both—highlighting the Complaint's failure to satisfy the notice pleading standard under Rule 8(a). This is fatal because the relevant inquiry in determining if a third party is an unlawful eavesdropper is "whether a website owner's usage of third-party recordation software can be considered equivalent to having hired a third party to record." *Williams*, 2022 WL 17869275, at *3; *see also Graham*, 533 F. Supp. 3d at 832. In *Graham*, the court granted defendant's motion to dismiss because the third-party software employed by the website merely "captures its clients' data, hosts it on [its] servers, and allows the [website] to analyze their data." *Graham*, 533 F. Supp. 3d at 832. The third-party software was essentially acting as a "tape recorder" by allowing Noom to track and store its own data in aid of its own business,

and thus the third-party software was an extension of the Noom website and not a third-party eavesdropper.  *Id*. at 832-33 (citing *Rogers*, 52 Cal. App. 3d at 898).

Nor do Plaintiffs allege any facts to suggest that any third party is using chat data for its own business purposes, as opposed to storing chat conversations for record keeping or use, which also defeats Plaintiffs' claim.  Indeed, in *Williams*, the court dismissed a CIPA claim on the same basis because there were "no facts here to suggest that [the third-party vendor] 'intercepted and used the data itself.'"  *Williams*, 2022 WL 17869275, at *3; *see also Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-cv-09042-JSC, 2023 WL 3707181 at *4 (N.D. Cal. May 24, 2023) (finding that "Plaintiff fails to state facts supporting the unnamed third party's 'capability to use its record of the interaction for [another] purpose'").[6]

Recent case law finding third-party liability does not help Plaintiffs, especially in contrast to the majority of chatbot cases dismissing aiding and abetting liability.  First, Plaintiffs finds no solace in *Revitch v. New Moosejaw, LLC*, where the court held that parties to communications are not necessarily immune from section 631 liability, *without articulating any reasoned basis for such holding*.  No. 18-cv-06827, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019).  Notably, the *Revitch* court dismissed well-established precedent (as described in *Powell*)—which clearly held that there is no aiding and abetting liability for parties under section 631—merely dropping a *contra* cite without any explanation as to why it declined to follow *Powell*. *Id.* at *2 n.2.  Furthermore, as the court pointed out in *Graham*, *Revitch* involved a third party who "mined information from other websites and sold it" and thus was not merely performing functions akin to a tape recorder as in *Rogers*.  *Graham*, 533 F. Supp. 3d at 832.  As such, this Court should decline to follow *Revitch*, which misapplied the case law and incorrectly denied dismissal of a section 631 claim against a first party to a purported communication.

---

[6] Notably, this case involved Plaintiff Valenzuela and her claims that another website's chat feature violated CIPA.

So too for *Saleh v. Nike, Inc.*, which relied on *Revitch* to find that plaintiff sufficiently alleged aiding and abetting liability against Nike for allowing its vendor FullStory to record its website user's interactions in real time.  562 F. Supp. 3d 503, 519-21 (C.D. Cal. 2021).  There, like *Revitch*, the court failed to address cases interpreting section 631 to exempt first-party liability, only stating that "[t]he text of section 631(a) . . . does not contain any such exception[.]" *Id.* at 520.  Moreover, in both *Revitch* and *Saleh*, plaintiffs alleged that *third-party* code was embedded in the websites that redirected communications to the third party.  *Revitch*, 2019 WL 5485330, at *1; *Saleh*, 562 F. Supp. 3d. at 521.  By contrast here, Plaintiffs fail to allege anything about the Website's code, let alone that *any* embedded code in Walmart's chat feature is a third-party code, or that a third party did *anything* to intercept or redirect the communications.

Plaintiffs' claim is similarly unsupported by *Javier v. Assurance IQ, LLC*, 20-cv-02860-CRB, 2023 WL 114225 (N.D. Cal. Jan. 5, 2023).  There, the court incorrectly reasoned that section 631 liability should not turn on the "intentions and usage of" the communication at issue by a prospective third party to a communication.  But the Court then admitted that a third party who lacked the "capability to use its record of the interaction for any other purpose (just as a tape recorder has no independent capability to divulge the recording for any other purpose but that of its owner)" was not an eavesdropping third party in violation of section 631.  Unlike *Javier*, there is a complete lack of allegations not only about any third party and what it did to monitor Plaintiffs' chats, but also the alleged capabilities of that third party to use the data.[7]  Thus, even were the Court to adopt the formulation in *Javier* (which it should not), Plaintiffs' claims clearly cannot survive.

---

[7] None of these three cases involved chat messages where the user knows that the communication must be recorded for the chat conversation to even occur.

**3.    Plaintiffs fail to state a claim under any of the operative clauses.**

Notwithstanding the above, Plaintiffs' section 631(a) claim independently fails because they do not allege the required elements under the three operative clauses.

**a.    Plaintiffs fail to state a claim under the first clause because it does not apply to internet communications.**

To state a claim under the first clause of section 631(a), Plaintiffs must specifically allege that Walmart unlawfully accessed their communications by intentionally "tap[ping], or ma[king] any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument."  Cal. Penal Code § 631(a); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 826 (N.D. Cal. 2020) (holding that CIPA claim under first clause must be dismissed if allegations do not show that the technology at issue "operates using telegraph or telephone wires").  The first clause of section 631(a) applies to "telephonic wiretapping specifically" and "does not apply to the context of the internet." *Williams*, 2022 WL 17869275, at *2.

Nowhere does the Complaint allege that Plaintiffs' communications were transmitted over "telephone or telegraph wires, lines, cables, or instruments," as required for the first clause of section 631.  Plaintiffs allege they communicated with Walmart via the chat feature on Walmart's Website, *i.e.*, the Internet (Compl. ¶ 30), and Plaintiffs make no allegations as to how they accessed the Website, for example, either through a laptop, home computer, smartphone or other device with Internet access.  Indeed, courts have repeatedly and "overwhelming[ly]" refused to expand the reach of the first clause  to Internet-based communications, including those using smartphones.[8] *See, e.g.*, *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021) (refusing to apply the first clause of section 631 where complaint "plainly

---

[8] To the extent Plaintiff relies on *Javier v. Assurance IQ LLC*, No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) to suggest that the first clause applies to Internet communications (*see* Compl. ¶ 28), they are incorrect. *Javier* assessed defendants' liability under the *second clause* of section 631(a) to which, unlike the first clause, Internet communication does apply. *See Javier,* 2022 WL 1744107, at *1.

does not involve any allegations concerning 'telephone wires, lines, or cables,'" and rejecting plaintiff's argument that a smartphone qualified as a "telephone instrument"); *Williams*, 2022 WL 17869275, at *2 (noting that the first clause of section 631 concerns "telephonic wiretapping specifically . . . [and] does not apply to the context of the internet"). Instead, Internet-based communications fall under the second clause of section 631. *Id*. Plaintiffs' online communication simply does not fall within the first clause of section 631. As a result, their claim under the first clause fails as a matter of law.

### b. Plaintiffs fail to state a claim under the first clause because any alleged recording employed by Walmart is not a "machine, instrument, or contrivance."

Section 631(a) prohibits a person from intentionally wiretapping or making an unauthorized connection "by means of any machine, instrument, or contrivance[.]" Cal. Penal Code § 631(a). As an initial matter, Plaintiffs fail to allege any "machine, instrument, or contrivance" that Walmart utilized in allegedly wiretapping their communications. The Complaint contains the conclusory allegations that Walmart "employed and/or caused to be employed certain recording and/or monitoring on their website" and used "certain equipment in order to record." (Compl. ¶¶ 1, 46). But Plaintiffs do not offer any explanation as to how the alleged recordings fall into one of the three categories enumerated in the statute. *See In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d at 937 (finding that plaintiffs have not stated a CIPA claim because they failed to explain how Facebook's cookies fall into one of the three categories enumerated in the statute (*i.e.*, machine, instrument, or contrivance)). Nor could they—courts interpreting the federal Wiretap Act, which (like CIPA) requires the use of a "device," have held that software, without more, does not constitute a "device" under wiretapping law. *See Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001) (finding that the drive or server on which the e-mail was received does not constitute a "device" under the federal Wiretap Act); *see also Potter v. Havlicek*, No. 3:06-cv-211, 2008 WL 2556723, at *8 (S.D. Ohio June 23,

2008) (finding that software "alone cannot be used to intercept communications" under the federal Wiretap Act and that "[i]t must be installed in a device, such as a computer, to be able to do so"). Plaintiffs' section 631(a) claim independently fails for this reason.

**c.**     **Plaintiffs fail to state a claim under the second clause because they fail to allege interception of any "content" while "in transit."**

Under section 631's second clause, a plaintiff must allege that the defendant "willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[], or attempt[ed] to read, or to learn *the contents* or meaning of any message, report, or communication while the same [was] *in transit* or passing over any wire, line, or cable, or [was] being sent from, or received at any place within [California]." Cal. Penal Code § 631(a) (emphasis added). Thus, to state a wiretapping claim against Walmart, Plaintiff must plausibly allege that Walmart eavesdropped on the "contents" of his communication while that communication was "in transit." Plaintiffs fail to satisfy these elements.[9]

**i.**     **Plaintiffs have not alleged any "contents."**

The second clause of section 631(a) prohibits the "unauthorized access of the 'contents' of any communication." *Brodsky*, 445 F. Supp. 3d at 127 (quoting Cal. Penal Code § 631(a) and finding that plaintiffs failed to identify the contents of any communication that Apple allegedly intercepted). The analysis of whether information amounts to "contents" of a communication under CIPA is the same under the federal Wiretap Act. *Id*. "Contents," in both contexts, means "information concerning the substance, purport, or meaning of [a] communication," and does not include record information (e.g., information about habits and identities; e-mail accounts; billing information; and generalized facts) captured generated during that

---

[9] Moreover, while Plaintiffs allege they are California residents, they fail to allege that any of the communications with the Website occurred while they were in the state. Because they failed to allege a crucial element of section 631, the section 631 claim independently fails on this ground.

communication. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1104-06 (9th Cir. 2014); *Graham*, 533 F. Supp. 3d at 833 (IP addresses, locations, browser types, and operating systems are not "content" for purposes of CIPA); *Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) (same); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021) (shipping and billing information, the date and time of the visit, and the duration of the visit are also not "content" for purposes of CIPA).

Here, Plaintiffs allege only that they asked "questions" and one Plaintiff shared an e-mail address. (Compl. ¶¶ 12, 13, 19.)  Plaintiffs do not allege that they shared any information in their questions that constitute contents under the CIPA. (*Id.*) Further, any record information such as an e-mail address is not "content" under the CIPA. *Supra.*  These threadbare allegations thus do not pass muster under Rule 12(b)(6).  *See In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d at 937 (granting motion to dismiss where plaintiffs only included "generalized facts" that did not adequately allege that "Facebook obtained the contents of a communication attributable to any of them"); *Hammerling v. Google LLC*, 15 F. Supp. 3d 1069, 1093 (N.D. Cal. 2022) (granting motion to dismiss where "information about personal habits and identities" did not constitute "content" of a communication, such that plaintiffs could not allege that Google had intercepted "content" under the statute); *Bruce v. McDonald*, No. 3:13CV221-MHT (WO), 2014 WL 931522, at *5 (M.D. Ala. Mar. 10, 2014) (finding that mere access to an e-mail account did not constitute an interception in violation of the federal Wiretap Act).

### ii. Plaintiffs have not alleged any interception "in transit."

Plaintiffs fail to sufficiently plead that their communications were intercepted while "in transit."  Cal. Penal Code § 631(a).  When examining the "in transit" requirement, courts have interpreted section 631 to be coextensive with the federal Wiretap Act.  *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228

n.9 (C.D. Cal. 2017) (interpreting Wiretap Act and noting that courts have generally construed the CIPA "as coextensive with the Wiretap Act"); *see also* 18 U.S.C. §§ 2510 *et seq.* For a communication to be "intercepted" under the Wiretap Act, "it must be acquired during transmission, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (adopting a "narrow" definition of "intercept" under the Wiretap Act, *i.e.*, "acquisition contemporaneous with transmission"). Thus, the communication must be "stop[ped], seize[d], or interrupt[ed] in progress or course *before arrival*." *Id.* (emphasis added) (quoting *Webster's Ninth New Collegiate Dictionary* 630 (1985)); *see also NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951-52 (N.D. Cal. 2014) (discussing that defendants' actions must "halt the transmission of the messages to their intended recipients," not access from storage after receipt); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129559, at *10 n.44 (C.D. Cal. July 30, 2013) (finding plaintiff failed to plausibly allege a CIPA claim under the second clause where complaint failed "plausibly to plead that NSC intercepted any electronic communication while it was in transit; at most, he alleges the illegal disclosure of data NSC held in storage").

Here, the Complaint is silent as to the nature and timing of any alleged interception as well as the mechanism in which the interception happened in "real time." (Compl. ¶ 35.) Merely invoking the words "real time" does not suffice. *See Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (dismissing section 631 claim despite repeated allegation of "intercept" in amended complaint). First, Plaintiffs make a single claim of a "well-defined community of interest in the questions of law and fact" and present questions such as "[w]hether Defendant has a policy of permitting third parties to monitor communications on Defendant's website in real time" (Compl. ¶ 35)—these are not factual allegations, and if anything, constitute a fishing expedition. *See Mastel*, 549 F. Supp. 3d at 1136 (dismissing claim where there were "no allegations in the

complaint that reasonably give rise to the inference that [the defendant] ever read or learned the contents of a communication while . . . in transit, or in the process of being sent or received"). Second, Plaintiffs alleged that Walmart is "recording and storing the [] communications" (Compl. ¶ 28); but this too fails to plead a plausible claim of interception. *Rodriguez*, 2022 WL 214552, at *2 (dismissing complaint where alleged theory "was essentially one of logging and then transmitting," as "[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts" plausible to state a claim under section 631(a)).

As such, Plaintiffs' bare allegations do not state a claim. *See Rosenow v. Facebook, Inc.*, No. 19-CV-1297-WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (granting a motion to dismiss because the complaint's allegation that the recording occurred "during transit" was "conclusory"); *Quigley v. Yelp, Inc.*, No. 17-cv-03771-RS, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018) (dismissing section 631(a) claim because the plaintiff "has not alleged facts giving rise to an inference that his communications were intercepted while 'in transit' as required under section 631 of the California Penal Code"); *see also Vizio, Inc.*, 238 F. Supp. 3d at 1228 (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs 'in real-time'") (citation omitted).

> **d.    Plaintiffs fail to state a claim under the third clause because their claims under the first two clauses fail.**

Without pleading a claim under the first two clauses of section 631(a), Plaintiffs cannot successfully bring a claim under the third clause. Section 631(a)'s third clause prohibits anyone from "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti*, 22 Cal. 3d at 192. Thus, Plaintiffs "must establish that the information at issue . . . was obtained through a violation of the first or second clauses." *In re Google*

1  *Assistant*, 457 F. Supp. 3d at 827 (interpreting *Tavernetti* and finding that plaintiffs'

2  failure to plead defendants' violation of the first or second clause of section 631

3  meant they also failed to plead defendants' violation of the third clause). Because

4  Plaintiffs failed to state a claim under section 631(a)'s first or second clauses for

5  reasons stated above, their claim that Walmart violated section 631(a) under the third

6  clause fails as a matter of law.

7  **V.    CONCLUSION**

8       For the foregoing reasons, Plaintiffs fail to state a claim under section 631.

9  Walmart respectfully requests that Plaintiffs' Complaint be dismissed with prejudice

10  because the defects cannot be remedied by amendment.

11

12  Dated: October 5, 2023          COOLEY LLP

13

14            By: */s/ Kyle C. Wong*

15               Kyle C. Wong

16            Attorneys for Defendant
          *Wal-Mart.com, USA, LLC*

17

18

19

20

21

22

23

24

25

26

27

28

# Appendix A

| Parties | Case Information |
|---|---|
| Arisha Byars; Sonya Valenzuela v. Wal-Mart.Com USA LLC | Northern District of California, Case No. 3:23cv4315 |
| Arisha Byars; Sonya Valenzuela, individually and on behalf of all others similarly situated v. Wal-Mart.com USA LLC; Does | San Mateo County Superior Court, Case No. 23-CIV-03331 |
| Arisha Byars and Miguel Licea, individually and on behalf of all others similarly situated v. Ascena Retail Group Inc.; Does | San Bernardino County Superior Court, Case No. CIVSB2315039 |
| Arisha Byars v. Epicor Software Corporation dba www.epicor.com | Los Angeles Superior Court, Case No. 23STCV14418 |
| Arisha Byars, individually and on behalf of all others similarly situated v. Cole Haan, LLC dba www.colehann.com | Los Angeles Superior Court, Case No. 23STCV12292 |
| Arisha Byars, individually and on behalf of all others similarly situated v. Sephora USA Inc, dba www.sephora.com; Does | Central District of California, Case No. 5:23cv883 |
| Arisha Byars, and on behalf of all others similarly situated v. Arzz International, Inc., dba www.Schutz-Shoes.com | Los Angeles Superior Court, Case No. 23STCV10924 |
| Arisha Byars, and on behalf of all others similarly situated v. Theory LLC, dba Theory.com | Los Angeles Superior Court, Case No. 23STCV10368 |
| Arisha Byars, individually, and on behalf of other members of the general public similarly situated v. Macy's Inc. | Central District of California, Case No. 5:23cv456 |
| Arisha Byars, individually and on behalf of all others similarly situated v. Whirlpool Corporation; Does | Central District of California, Case No. 5:22cv2030 |
| Arisha Byars, individually and on behalf of all others similarly situated v. Casper Sleep Inc.; Does | Central District of California, Case No. 5:22cv1801 |

1

| | |
|---|---|
| Arisha Byars<br>v.<br>Hot Topic Inc.; Does; | Central District of California, Case No. 5:22cv1652 |
| Arisha Byars<br>v.<br>Sterling Jewelers, Inc.; Does | Central District of California, Case No. 5:22cv1456 |
| Arisha Byars, individually and on behalf of all others similarly situated<br>v.<br>Rite Aid Corp.; Does | Central District of California, Case No. 5:22cv1377 |
| Arisha Byars<br>v.<br>The Goodyear Tire and Rubber Co.; Does | Central District of California, Case No. 5:22cv1358 |
| Arisha Byars, individually and on behalf of all others similarly situated<br>v.<br>Casper Sleep Inc.; Does | San Bernardino County Superior Court, Case No. CIVSB2215902 |

| Parties | Case Information |
|---|---|
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Micron Technology Inc., dba www.crucial.com | Central District of California, Case No. 2:23cv7058 |
| Arisha Byars; Sonya Valenzuela<br>v.<br>Wal-Mart.Com USA LLC | Northern District of California, Case No. 3:23cv4315 |
| Sonya Valenzuela<br>v.<br>Faherty Brand LLC | Central District of California, Case No. 8:23cv1574 |
| Sonya Valenzuela<br>v.<br>Outdoor Voices, Inc. dba Outdoorvoices.com | Los Angeles Superior Court, Case No. 23STCV19526 |
| Sonya Valenzuela<br>v.<br>2Talk LLC dba 2Talk.com | Los Angeles Superior Court, Case No. 23STCV19523 |
| Sonya Valenzuela<br>v.<br>Aerospike, Inc. dba www.aerospike.com | Los Angeles Superior Court, Case No. 23STCV19290 |
| Sonya Valenzuela<br>v.<br>World Wildlife Fund Inc, dba www.worldwildlife.org | Central District of California, Case No. 2:23cv6112 |
| Sonya Valenzuela<br>v.<br>Air Hydro Power LLC | Los Angeles Superior Court, Case No. 23STCV17590 |
| Sonya Valenzuela<br>v.<br>Jivox Corporation dba www.jivox.com | Los Angeles Superior Court, Case No. 23STCV17589 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Micron Technology, Inc. dba www.crucial.com | Los Angeles Superior Court, Case No. 23STCV17448 |
| Sonya Valenzuela, and on behalf of all others similarly situated<br>v.<br>Telesign Corporation dba www.telesign.com | Los Angeles Superior Court, Case No. 23STCV17434 |
| Sonya Valenzuela<br>v.<br>Tecovas, Inc. | Los Angeles Superior Court, Case No. 23STCV17318 |

| | |
|---|---|
| Arisha Byars; Sonya Valenzuela, individually and on behalf of all others similarly situated v. Wal-Mart.com USA LLC; Does | San Mateo Superior Court, Case No. 23-CIV-03331 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Faherty Brand LLC, dba Fahertybrand.com | Orange County Superior Court, Case No. 30-2023-01337235-CUMT-CXC |
| Sonya Valenzuela v. Lamar Media Corp., dba Lamar.com | Orange County Superior Court, Case No. 30-2023-01336536-CUCR-CJC |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Delivery.com LLC, dba Delivery.com | Orange County Superior Court, Case No. 30-2023-01336839-CUMT-CXC |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Homage LLC, dba Homage.com | Orange County Superior Court, Case No. 30-2023-01336826-CUMT-CXC |
| Sonya Valenzuela v. Ensinger, Inc. dba Ensingerplastics.com | Los Angeles Superior Court, Case No. 23STCV16268 |
| Sonya Valenzuela v. Stonex Group Inc. dba Stonex.com | Los Angeles Superior Court, Case No. 23STCV16084 |
| Sonya Valenzuela v. Intersystems Corporation, dba Intersystems.com | Orange County Superior Court, Case No. 30-2023-01335008-CUCR-CJC |
| Sonya Valenzuela v. Alixpartners, LLP dba Alixpartners.com | Los Angeles Superior Court, Case No. 23STCV15686 |
| Sonya Valenzuela v. Wakefern Food Corp., dba www.Shoprite.com | Los Angeles Superior Court, Case No. 23STCV15220 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Build-A-Bear Workshop Inc. | Central District of California, Case No. 2:23cv5162 |
| Sonya Valenzuela v. Livechat Inc., dba Livechat.com | Orange County Superior Court, Case No. 30-2023-01333056-CUCR-CJC |

| | |
|---|---|
| Sonya Valenzuela<br>v.<br>World Wildlife Fund, Inc. dba<br>www.worldwildlife.ort | Los Angeles Superior Court, Case No.<br>23STCV14554 |
| Sonya Valenzuela, individually and on behalf<br>of all others similarly situated<br>v.<br>Super Bright LEDS Inc., dba<br>SuperBrightLEDS.com | Central District of California, Case No.<br>5:23cv1148 |
| Sonya Valenzuela, and on behalf of all others<br>similarly situated<br>v.<br>Alexander Wang LLC, dba<br>www.alexanderwang.com | Los Angeles Superior Court, Case No.<br>23STCV12422 6/2/2023 |
| Sonya Valenzuela, individually and on behalf<br>of all others similarly situated<br>v.<br>Jane Marketplace LLC | Northern District of California, Case No.<br>4:23cv2543 |
| Sonya Valenzuela, and on behalf of all others<br>similarly situated<br>v.<br>Electronic Commodities Exchange, L.P., dba<br>www. Ritani.com | Los Angeles Superior Court, Case No.<br>23STCV10477 |
| Sonya Valenzuela, individually and on behalf<br>of others similarly situated<br>v.<br>As Beauty LLC dba Lauragellar.com | Los Angeles Superior Court, Case No.<br>23STCV10403 |
| Sonya Valenzuela, and on behalf of all others<br>similarly situated<br>v.<br>C.C. Filson Co., dba Filson.com | Central District of California, Case No.<br>2:23cv3387 |
| Sonya Valenzuela<br>v.<br>Loews Hotels, LLC dba Loewshotels.com | Los Angeles Superior Court, Case No.<br>23STCV07546 |
| Sonya Valenzuela<br>v.<br>Noble House Hotels & Resorts, LP dba<br>Laubergedelmar.com | Los Angeles Superior Court, Case No.<br>23STCV07524 |
| Sonya Valenzuela<br>v.<br>Sia International Trading Limited | Los Angeles Superior Court, Case No.<br>23STCV07626 |
| Sonya Valenzuela, and on behalf of all others<br>similarly situated<br>v.<br>C.C. Filson Co., dba Filson.com | Los Angeles Superior Court, Case No.<br>23STCV06952 |

| | |
|---|---|
| Sonya Valenzuela<br>v.<br>Fathead LLC, aka Fathead.com; Does | Central District of California, Case No. 2:23cv1960 |
| Sonya Valenzuela<br>v.<br>AMICA Mutual Insurance Company | Los Angeles Superior Court, Case No. 23STCV04849 |
| Sonya Valenzuela<br>v.<br>Bedding Pros LLC dba US-Mattress.com | Los Angeles Superior Court, Case No. 23STCV02945 |
| Sonya Valenzuela<br>v.<br>Fathead LLC dba Fathead.com | Los Angeles Superior Court, Case No. 23STCV02969 |
| Sonya Valenzuela<br>v.<br>Givenchy Corporation dba Givenchy.com | Los Angeles Superior Court, Case No. 23STCV01298 |
| Sonya Valenzuela<br>v.<br>Farfetch.com US, LLC dba Pucci.com | Los Angeles Superior Court, Case No. 23STCV00831 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>RugsUSA LLC; Does | Central District of California, Case No. 8:23cv24 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Hims & Hers Health Inc., dba ForHims.com; Does | Southern District of California, Case No. 3:23cv11 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Pierre Fabre USA Inc., dba Kloraneusa.com; Does | Southern District of California, Case No. 3:22cv2079 |
| Sonya Valenzuela<br>v.<br>Bootbarn Inc.; Bootbarn.com | Los Angeles Superior Court, Case No. 22STCV40497 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Keurig Green Mountain, Inc.; Does | Northern District of California, Case No. 3:22cv9042 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Engage3 Inc., dba Engage3.com; Does | Orange County Superior Court, Case No. 30-2022-01297903-CUMT-CXC |

| | |
|---|---|
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Kaspersky Lab Inc.; Does | Central District of California, Case No. 2:22cv9157 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. RugUSA LLC, dba Rugusa.com; Does | Orange County Superior Court, Case No. 30-2022-01294507-CUMT-CXC |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Hims & Hers Health Inc., dba ForHims.com; Does | San Diego County Superior Court, Case No. 37-2022-47422-CUMT-CTL |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Pierre Fabre USA Inc., dba Kloraneusa.com; Does | San Diego County Superior Court, Case No. 37-2022-47487-CUMT-CTL |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Dermacare LLC dba Bluechew.com; Does | San Diego County Superior Court. Case No. 37-2022-47405-CUMT-CTL |
| Sonya Valenzuela, individually and on behalf of himself and all others similarly situated v. CNO Services LLC | Central District of California, Case No. 5:22cv2084 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. West Marine Products Inc. | Central District of California, Case No. 5:22cv2082 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. VF Outdoor LLC, dba Smartwool.com; Does | San Diego County Superior Court, Case No. 37-2022-46954-CU-MT-CTL |
| Sonya Valenzuela v. Pear Sports LLC | Riverside County Superior Court, Case No. CVRI2204529 |
| Sonya Valenzuela v. Carvana, LLC | Riverside County Superior Court, Case No. CVRI2204530 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. CNO Services LLC; Does | Riverside County Superior Court, Case No. CVRI2204525 |

| | |
|---|---|
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. West Marine Products Inc.; Does | Riverside County Superior Court, Case No. CVRI2204524 |
| Sonya Valenzuela, Individually and on Behalf of All Others Similarly Situated, v. Papa Murphy's International LLC; Does | Central District of California, Case No. 5:22cv1788 |
| Sonya Valenzuela v. Papa Murphy's International, LLC; Does | Central District of California, Case No. 5:22cv1789 |
| Sonya Valenzuela v. HEB Grocery Co. LP | San Antonio Bexar County District Court, Case No. 2022CI19077 |
| Jose Licea; Sonya Valenzuela v. Cimar, LLC; Does | Central District of California, Case No. 2:22cv6454 |
| Sonya Valenzuela v. The Kroger Co.; Does | Central District of California, Case No. 2:22cv6382 |
| Sonya Valenzuela, individually and behalf of all others similarly situated v. Bj's Wholesale Club Inc.; Does | Central District of California, Case No. 2:22cv6378 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. AIG Direct Insurance Services Inc.; Does | Central District of California, Case No. 5:22cv1561 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Aflac Incorporated; Does | Central District of California, Case No. 2:22cv6348 |
| Sonya Valenzuela v. Nationwide Mutual Insurance Co.; Does | Central District of California, Case No. 2:22cv6177 |
| Sonya Valenzuela v. Michael Kors (USA) Inc. | Central District of California, Case No. 2:22cv5902 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated v. Massage Envy Franchising LLC; Does | Central District of California, Case No. 2:22cv5817 |
| Sonya Valenzuela, v. Kaspersky Lab, Inc. | Los Angeles Superior Court, Case No. 22STCV26119 |

| | |
|---|---|
| Sonya Valenzuela, and on behalf of all others similarly situated<br>v.<br>The Kroger Co. | Los Angeles Superior Court, Case No. 22STCV25119 |
| Sonya Valenzuela<br>v.<br>M.A.C. Cosmetics Inc.; Does | Central District of California, Case No. 5:22cv1360 |
| Sonya Valenzuela<br>v.<br>Under Armour, Inc. | Los Angeles Superior Court, Case No. 22STCV24206 |
| Sonya Valenzuela, individually and on behalf of all others similarly situated<br>v.<br>Nationwide Mutual Insurance Co. | Los Angeles Superior Court, Case No. 22STCV24136 |
| Sonya Valenzuela<br>v.<br>AFLAC Incorporated | Los Angeles Superior Court, Case No. 22STCV23742 |
| Sonya Valenzuela<br>v.<br>Michael Kors (USA) Inc. | Los Angeles Superior Court, Case No. 22STCV23635 |
| Sonya Valenzuela, and on behalf of all others similarly situated<br>v.<br>Massage Envy Franchising, LLC | Los Angeles Superior Court, Case No. 22STCV23456 |